No. ——.
First Circuit Appeal.

## R. R. RICHARDSON, JR. v. NATIONAL CASUALTY OF DETROIT, MICH.

(Feb. 18, 1925.    Opinion and Decree.)
(May 5, 1925.    Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Pleading—Par. 62.**
An exception no cause of action is properly sustained in a suit for insurance against a petition alleging an insurance policy covering bodily injuries resulting from external, violent and accidental event while the insured is operating an automobile, etc., but which further states that the accident for which plaintiff is suing happened in stepping out of an automobile which he was driving but had stopped when the accident occurred.

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.
This is a suit brought for the recovery of insurance under an insurance policy.
There was judgment for defendant maintaining an exception no cause of action. The suit was dismissed. Plaintiff appealed.
Judgment affirmed.
J. H. Inman, of Ponchatoula, attorney for plaintiff, appellant.
Chas. Elliott, of Amite, attorney for defendant, appellee.

MOUTON, J. This suit is brought under an automobile accident insurance policy.

The action is grounded on the following allegations:

"That on or about the 7th day of March, 1924, petitioner in the usual course of business and in the usual and customary manner of operating an automobile, wholly through accident, viz: in stepping out of an automobile which he was driving and had stopped, petitioner painfully sprained his right knee."

The demand, which is based on this alleged accident, is for nine days at the rate of $25.00 per week, for $25.00 per week penalty for non-payment by defendant company, and for $100.00 attorney's fees. An exception of no cause of action filed by defendant was maintained, and the suit was dismissed.

Plaintiff appeals.

The policy which is annexed to the petition provides for indemnity for loss of time as follows: "Resulting solely from bodily injuries effected directly and independently of all other causes, by the happening of an external, violent and accidental event, while the insured is operating, driving, riding in, demonstrating, adjusting or cranking an automobile, or in consequence of being struck by, run down or run over by an automobile, or caused by the burning or explosion of an automobile, etc." It is obvious that plaintiff, according to the allegations of his petition above quoted, was not driving, riding in, demonstrating, adjusting or cranking his automobile, or was struck or run over by an auto or was burned by an explosion, when he sprained his knee as he stepped out of the automobile. He endeavors to show that the accident so described by him is covered by the word "operating" used in the accident policy. Plaintiff, it will be noted, avers that the automobile he was driving had stopped, and that in stepping

out he sprained his knee. Evidently, if the automobile had stopped, which must be taken as true under the exception, plaintiff was certainly not "operating" the auto when he injured his knee which occurred after the auto had stopped and as he was stepping out of it. It must also be observed under the terms of the policy heretofore reproduced, that the bodily injury for which indemnity is provided, must, to entitle the policy-holder to recover, be the result of an "external, violent and accidental event while the insured is operating, etc."

Clearly, plaintiff was not operating the auto when he sprained his knee and it is equally evident that this spraining though accidental was not caused by an external event. We therefore hold that no cause of action was alleged by plaintiff, and that his suit was properly dismissed.