## UNION INDEMNITY COMPANY v. STORM.

[No. 12,954.    Filed December 6, 1927.]

INSURANCE.—*"Operation" of automobile within meaning of accident policy.*—The driver of an automobile, accidentally injured while using a rim spreader in repairing a flat tire on the machine, was operating an automobile within the terms of an accident insurance policy insuring against injuries while "operating, driving, riding in or on" an automobile, even though neither the car nor the engine was running, since "operating" an automobile includes such stops as an automobile driver would ordinarily make under the circumstances.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Action by Trygve Storm against the Union Indemnity Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*James M. Barrett, James M. Barrett, Jr., R. Earl Peters* and *Phil M. McNagny,* for appellant.
*Creighton H. Williams,* for appellee.

THOMPSON, C. J.—Appellee brought this action to recover upon an automobile accident insurance policy issued to him by appellant, for certain injuries alleged to have been received within the terms of said policy. Appellant's demurrer to the amended complaint was overruled. Appellant excepted and refused to plead further, and judgment was rendered for $160. Appellant's motion for a new trial was overruled, to which ruling appellant excepted.

The amended complaint alleged, in substance: That while appellee was driving his automobile in the city of Ft. Wayne, one of his tires became flat; that appellee stopped his car in order to repair said tire, with the intention of again proceeding to drive the car after he had completed the repair of the tire; that in order to repair the tire, it was necessary to remove the inner tube from the casing; that while using a rim spreader,

which is a tool commonly used for removing an automobile tire from the rim, the lugs on the end of the rim spreader, which fit into holes in the rim, slipped out of said holes, causing the handles of said rim spreader to come violently together and severely mashing appellee's fingers on both hands, resulting in appellee's damage in the sum of $200, for which amount he asked judgment.

Appellee's automobile accident insurance policy which is involved in this case provides as follows: "Union Indemnity Company * * * hereby insures Trygve Storms * * * against the effects of bodily injuries * * * and only if such injuries shall be received: (1) While operating, driving, riding in or on, demonstrating or cranking an automobile; (2) In consequence of being struck, run down or run over, by an automobile; (3) Caused by the burning or explosion of an automobile * * *." And section (b), under "Additional Provisions," provides that: "This insurance does not cover suicide nor any attempt thereat, sane or insane, * * * nor loss, fatal or otherwise, suffered by a paid mechanic while repairing, overhauling or testing an automobile, nor loss, fatal or otherwise, suffered by a hired operator * * *."

Appellant's demurrer to the amended complaint alleged that said complaint did not state any facts which showed that the injuries alleged to have been sustained by appellee were sustained while he was operating, driving, riding in or on, demonstrating or cranking an automobile; or in consequence of being struck, run down or run over by an automobile, or that said injuries were caused by the burning or explosion of an automobile; that said complaint did not state any facts which showed that appellee had sustained any injuries for which appellant had agreed to pay, under the provisions of said policy; that the complaint affirmatively showed

that, at the time appellee was injured, he was not operating, driving, or riding in or on an automobile, but was, at the time, standing on the ground outside of an automobile, making some repairs to the tire of said automobile, and that the engine of said automobile was not running, and said automobile was not then in motion.

The error assigned is the court's action in overruling the demurrer to the amended complaint.

The only question to be determined is this: Is a person who has stopped his automobile because of the necessity of changing or repairing a flat tire, while engaged in the changing or repairing of said tire with the customary tools and in the usual manner, engaged in the operation of an automobile, within the meaning of the terms of the policy in suit? This question should be answered in the affirmative.

In *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390, which is an action on account of damages to an automobile resulting from a collision because of an alleged failure to display a red light on the rear of a truck, in construing §13, Acts 1913 p. 779, as amended by §1, Acts 1919 p. 700, the court said: "This provision is clearly for the purpose of protecting travelers and property upon highways against after-dark collisions with such vehicles. Looking to the legislative purpose to be accomplished by the provisions of the law under consideration, we are satisfied that the words 'operated or driven' should not be limited to their strict etymology, but that they should be interpreted according to the sense in which they are employed, and by so doing, the operation of the statute will be effectuated to meet the manifest intention of the legislature. We, therefore, conclude that motor vehicles at rest temporarily, or parked upon the traveled portion of a public highway in this state, as well as those in motion, are within the 'light' provision of the act."

In *Stroud* v. *Water Commissioners* (1916), 90 Conn. 412, which was an action for damages, in construing an act requiring owners of motor vehicles to register the same, the court said: "The remaining question is whether the injury complained of was received by reason of the operation of said motor vehicle in or upon the public highway of this state. We think it was. The word 'operation' cannot be limited, as the plaintiff claims it should be, to a state of motion controlled by the mechanism of the car. It is self evident that an injury may be received after the operator has brought his car to a stop, and may yet be received by reason of its operation. The word 'operation,' therefore, must include such stops as motor vehicles ordinarily make in the course of their operation * * *. In this case the plaintiff's car was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling, or delivering merchandise."

The amended complaint stated a cause of action, and the court did not err in overruling the demurrer.

Affirmed.