## KENNEDY v. MARYLAND CASUALTY CO. OF BALTIMORE, MD.

District Court, W. D. Louisiana, Monroe Division. February 28, 1928.

No. 1678.

1. **Insurance ⬅146(3)—Doubt as to language used in insurance policy is to be construed strongly against insurer.**

In case of doubt as to language employed in insurance policy, doubt is construed more strongly against insurer, by whom presumably it was written.

2. **Insurance ⬅451(1)—Automobile passenger, injured by gravel thrown by passing automobile, while assisting in changing tire, held engaged in "repairing or adjusting automobile," within accident policy.**

Passenger in automobile, alighting for purpose of removing flat tire and substituting spare, and struck by rock or other missile when another car driven in opposite direction passed, resulting in loss of sight of such eye, *held* engaged in "repairing or adjusting some part of automobile," within meaning of accident policy insuring against injuries caused through accidental means while operating, riding in, demonstrating, adjusting, repairing, or cranking an automobile.

3. **Evidence ⬅14—It is common knowledge that people have been injured by passing cars while repairing machine or removing flat tire.**

It is a matter of common knowledge that people have been injured by passing automobiles while repairing a machine or removing a flat tire on the side next to traffic, and that this is one of the risks incident to use of automobiles on highways.

4. **Insurance ⬅602—Insurer, reasonably disputing right of insured to recover under accident policy, held not subject to penalty of state law (Act La. No. 310 of 1910).**

Insurer's denial of recovery, under accident policy insuring holder against accidental injuries while operating, riding in, demonstrating, adjusting, repairing, or cranking an automobile, *held* not to justify imposition of penalty, under Act La. No. 310 of 1910, where dispute arose over question relative to whether injury to automobile passenger from rock thrown by passing car while he was engaged in changing tire was within terms of policy, since litigants are entitled to have rights determined in court, if there is reasonable room for difference of opinion.

At Law. Suit by John E. Kennedy against the Maryland Casualty Company of Baltimore, Md. Decree for plaintiff.

Shotwell & Brown, of Monroe, La., for plaintiff.

Geo. Wesley Smith, of Rayville, La., for defendant.

DAWKINS, District Judge. Plaintiff brought this suit in the state court upon a policy of accident insurance for the loss of an eye, alleged to have been suffered under circumstances contemplated by the terms of the policy. The case was removed to this court upon the ground of diverse citizenship. The matter has been submitted to the court upon written waiver of the jury.

The facts, as the court finds them to be, are as follows: Plaintiff was a passenger or guest in an automobile owned and driven by one Fletcher. A tire blew out, and the two alighted for the purpose of removing it and substituting the spare tire carried at the rear. Plaintiff began taking the lugs off the wheel, and Fletcher went to the rear to detach the spare tire. It was discovered that the latter was also deflated, and it became necessary to repair or place in the casing an inner tube. While this was being done another car, driven in the opposite direction, passed on the gravel road, and its wheels threw gravel over plaintiff and Fletcher; a rock or other missile striking plaintiff in the left eye and putting it out. It is not disputed that the eye was destroyed. There is some controversy as to whether plaintiff, at the exact moment, was actually doing anything towards repairing or changing the tire, or was merely stooping down, talking to Fletcher. He was facing the road, while Fletcher's back was in that direction. However, for the purposes of this case, I think it immaterial to find whether he was actually engaged in that work at the time or not.

The policy insures its holder "against loss resulting from bodily injuries effected directly and independently of all other causes through accidental means and sustained: A. While operating, riding in, demonstrating, adjusting, repairing or cranking an automobile. * * * *"

[1-3] The language thus used is to be interpreted so as to ascertain the reasonable meaning of the parties, and of course, in case of doubt, is to be construed more strongly against the defendant, by whom, presumably, it was written. I do not believe that it should be given such narrow meaning as, for instance, if the owner, Fletcher, had been driving alone, and had gotten out to change the tire, and while so doing had been injured as the plaintiff was, he could not recover, unless at the time he was physically in the act of "repairing" or "adjusting" some part of the automobile. I think he would be so engaged from the time he commenced until he finished, even though for a moment he might not actually be applying the patch to the tube or screwing the lugs upon the wheel, provided the pauses were no more than would ordinarily occur in the doing of such work.

It would seem that the crucial question is: Was such an injury as the one received in this instance reasonably within the meaning and contemplation of the terms of the policy? I think a fair construction would include any injury that was incident or which might reasonably be expected to arise from the doing of any of the things named in the policy, and occurring "while operating, driving, riding in, demonstrating, adjusting, repairing, etc., of an automobile." And right here I may say that in my opinion the character of work being done at the time was within the contemplation of the policy, either when considered as "repairing" or "adjusting" the automobile. As suggested by counsel for defendant, I think there would undoubtedly have been liability if the plaintiff had injured his hand in the process of removing the tire or if the handle of a jack, for example, had sprung up and struck him in the eye. On the other hand, I hardly think it could be contended that he would be entitled to recover if he had been struck by a tree falling from the roadside, by lightning, or if some one hunting on the roadside had accidentally shot him. At the same time, if, while so engaged, he had been struck by a passing automobile, it does seem to me that he could recover.

It must be observed that the policy does not say that he shall be indemnified for injuries received "from" or "in" the operating, etc., of a machine, but instead the word "while" is employed, and which is the same as to say "during" such time. It occurs to me that, as a matter of common knowledge, people have been injured by passing cars while repairing a machine or removing a flat tire on the side next to traffic, and that this is one of the risks incident to the use of an automobile upon the highways. If this be true, then in this state, where the policy was to have effect, it is also well known that more than 95 per cent. of the main highways are built of gravel, and any one who has driven over them knows that a machine moving at a rapid rate has a tendency by the weight and pressure of the oval shaped tires, to throw gravel to either side of the road, as well as ahead and behind. If the danger of being struck by a passing machine is one incident to the repairing of an automobile upon the highway, then I can see no reason why the known effects upon the gravel are not also reasonably to be anticipated.

Would any one contend that if, instead of the circumstances of this case, such a passing car had thrown gravel against the windshield, as sometimes happens, and either the shattered glass or a rock had injured plaintiff's eye, as was done here, and while he was riding in the car, that he could not recover? I think not. I decline to hold his right to recover to the narrow issue of fact as to whether he was actually assisting in placing the tube in the casing or turning the lug upon the wheel. I think he was engaged in "repairing" or "adjusting" some part of the automobile, and that the injury was one arising within the reasonable intendment of the policy. It was, as heretofore stated, presumably written by defendant, and, if it had wished to restrict its liability further, it could have done so.

It is argued that this was a very cheap and limited policy, the premium being only $10. So it was, but the language used is, I think, fairly construed, susceptible of a meaning broad enough to cover this case.

[4] I think the circumstances such as not to justify the imposition of the penalties provided by the Louisiana statute. Act 310 of 1910. So far as I am aware, this clause has not been construed in a case similar to the one in hand, and neither counsel have cited any case approximating it. Litigants are entitled to come into court to have their rights determined, where there is any reasonable room for a difference of opinion. My conclusion is that plaintiff should have judgment for one-third of the principal sum of $5,000, as provided by the policy.

A decree may be presented, and rulings upon the requested findings of fact and law will be noted at that time.