# CHARLESTON.

KANAWHA INVESTMENT COMPANY *v.* THE HARTFORD STEAM
BOILER INSPECTION AND INSURANCE COMPANY

(No. C. C. 420)

Submitted September 4, 1929.    Decided September 10, 1929.

556

*Wehrle & Murphy*, and *Steptoe & Johnson* and *James M. Guthrie*, for plaintiff.

*E. Sidney Berry* and *Brown, Jackson & Knight*, for defendant.

MAXWELL, JUDGE:

The plaintiff as owner of the Peoples Exchange Bank Building in the city of Charleston carried a policy of insurance with the defendant on certain electrical machinery in said building. The coverage was for damage caused directly by the breakdown of any of such machinery within the term of the policy. During the term of this policy the plaintiff also carried $350,000.00 of fire insurance on said building, the same being represented by policies in twelve different companies. Within the period of the said policy written by the defendant there was a breakdown of one of the plaintiff's elevator motors covered by said policy. The breakdown was accompanied by a fire which seriously injured the motor, but did not extend beyond the housing of the motor. In this suit the plaintiff seeks to recover of the defendant the sum of $930.00, covering the loss and damage occasioned by the breakdown and fire. The defendant admits its liability under the policy for the damage caused by the electrical breakdown in said motor, which damage it estimates at about $150.00, but denies that it is solely liable for the damage resulting from the fire which accompanied or was incident to the breakdown. It says that the latter loss should be shared in proper proportion by the defendant and all of the fire in-

surance companies which were carrying insurance on the bank building at the time of this accident. It predicates this position on the following paragraph of the policy:

"If at the time of an accident covered by this policy there shall be any other similar, valid and collectible insurance against damage to property, the assured shall in no event demand or recover of the company any greater proportion of the loss from damage to property than the insurance applicable under this policy to such loss bears to the whole amount of such insurance thereon."

These matters are all set forth in defendant's "Plea No. 1-A". The circuit court sustained the plaintiff's demurrer to said plea, and on its own motion certified its said action to this Court for review. We cannot approve the construction urged by defendant that the phrase "other similar * * * insurance", appearing in the above quoted paragraph, includes the general fire insurance policies which were in force on the building at the time of the injury to plaintiff's motor. The fire policies were general; the policy in suit was specific,— it covered particular items of property and for particular purposes; this denotes marked dissimilarity rather than similarity. In our opinion, the phrase "other similar * * * insurance" refers to other policies having the same specific coverage, and does not refer to those having a general coverage. If there is any doubt as to the meaning of this phrase, —if it is not self-interpreting,—such doubt should be resolved with liberality for the insured. 32 Corpus Juris, 1152; *Booher* v. *Fire Association*, 91 W. Va. 468; Joyce on Insurance, section 221.

The fallacy of defendant's position that differentiation should be made between damage to the motor from breakdown and damage thereto from consequent fire appears from a reading of other provisions of the insurance contract. Sub-section (b) of Paragraph 2 reads: "The word 'breakdown' shall mean only a sudden, substantial accidental burning out or breaking of a machine, or any part thereof, while the machine is in use, or installed and connected ready for use,

which immediately stops the functions of the machine and which necessitates repair or replacement before its functions can 'be restored.'' Sub-section (a) of Paragraph 3 reads: ''The company shall not be liable for any loss or damage from breakdown caused by fire, nor for loss or damage by fire, outside the machine, resulting from a breakdown, nor for loss or damage resulting from the use of water or other means to extinguish the fire.'' Why specifically negative liability for damage by fire, outside the machine, resulting from a breakdown, 'and not negative liability for damage caused by fire, within the machine, resulting from a breakdown, unless the latter was one of the main purposes of the insurance? We are concerned with fire and damage within the machine itself and not without the same. Special protection from loss and damage from injury of that sort must be deemed to be the particular purpose of insurance of this kind, otherwise there would be no justification for such insurance nor for the high premium rate charged therefor in comparison with ordinary fire insurance rates. Contracts of insurance should be constructed to accomplish the evident purpose for which they are made. 32 C. J., 1162; 14 R. C. L., 932.

The defendant's contention is that after admitting liability of $150.00 for damage caused by the breakdown, its remaining liability would be 850/350,850ths of the loss sustained by the fire. If the plaintiff's loss by fire was $780.00, being the total loss claimed, less the $150.00 admitted by defendant, the defendant's proportional share of such fire loss, according to its interpretation, would be a little less than $2.00. It is not reasonable to presume that the parties contemplated any such Lilliputian liability with reference to a substantial damage to the motor by fire when they entered into this contract.

For the above stated reasons it follows that the matters set forth in the defendant's said special plea do not constitute a defense to the plaintiff's cause of action, and therefore the trial court properly sustained the plaintiff's demurrer to said plea.

*Affirmed.*