Merklein, Respondent, vs. Indemnity Insurance Company of North America, Appellant.

*December 7, 1933—January 9, 1934.*

*James J. McDonald* and *Vernon S. Hamel,* both of Madison, for the appellant.

For the respondent there was a brief by *Arnold & Johnston* of Beloit, and oral argument by *W. H. Arnold.*

FOWLER, J. The suit is upon an accident insurance policy of narrow coverage, the annual premium for which was only $5. It insured the holder, among other things, against injuries sustained while engaged in "operating, riding in, demonstrating, adjusting, or cranking an automobile."

The case was tried to the court without a jury, and upon the findings of fact and conclusions of law filed by the judge judgment was entered for the plaintiff. The only point raised by the appellant is that the injury involved is not covered by the policy.

The plaintiff was driving his automobile in the evening and ran the front wheels over a long eight-by-eight timber lying diagonally across a street. To get the car back over the timber, the plaintiff, in the language of the findings of fact made by the trial judge, "employed a wrecker to assist him. During the operation of getting the car over the timber, the plaintiff got out of his automobile and attempted to assist the wrecker to the extent of pushing and steadying his own car. While so doing the plaintiff's car skidded upon the timber and knocked plaintiff to the ground. The plaintiff sustained a broken ankle." The trial judge concluded that: "Within the meaning of the plaintiff's policy of insurance, the plaintiff was 'operating' his automobile at the time of

his injury. The operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same from place to place, and when the plaintiff became stalled during the course of his automobile journey, any act of the plaintiff in or about his automobile, necessarily required or necessarily incident to the continuance of the automobile journey, would in the opinion of this (the trial) court come within the scope of 'operating' the automobile," and that the injury occurred while the plaintiff was "operating" his automobile.

The conclusion of the learned trial judge is in accord with the interpretation of the phrase "engaged in aviation" and the reasons for such interpretation given in *Charette v. Prudential Ins. Co.* 202 Wis. 470, 232 N. W. 848, and *Blonski v. Bankers Life Co.* 209 Wis. 5, 243 N. W. 410. It is also in accord with the conclusions reached in the cases below briefly stated, in each of which the same or a similar coverage clause of an insurance policy and facts not distinguishable in material matters were involved:

A person found dead from carbon monoxide in a stalled automobile with the engine running who had been left in the car while his companion went for a team to haul out the car, was held to have been killed while "riding in" the car. *Miller v. Inter-Ocean Cas. Co.* 110 W. Va. 494, 158 S. E. 706, 76 A. L. R. 1308. To the same effect is *Johnson v. Federal Life Ins. Co.* 60 N. Dak. 397, 234 N. W. 661.

A person injured while on the road repairing a punctured tire was held to be within the terms "operating, driving, riding in or on" an automobile. *Union Indemnity Co. v. Storm,* 86 Ind. App. 562, 158 N. E. 904; *Kennedy v. Maryland Cas. Co.* 26 Fed. (2d) 501.

A person who took the driver's seat of an automobile preparatory to starting who was accidentally shot by his companion who was taking a gun apart at the side of the car,

was held covered by the phrase "operating, driving (or) riding in" an automobile. *Dorsey v. Fidelity Union Cas. Co.* (Tex. Civ. App.) 52 S. W. (2d) 775.

An injury sustained while jumping from an automobile out of control is sustained while "riding in" the car. *Wright v. Ætna Ins. Co.* 10 Fed. (2d) 281, 46 A. L. R. 225; so is an injury sustained in falling from the running board of a car. *Stewart v. North American Acc. Ins. Co.* (Mo. App.) 33 S. W. (2d) 1005.

The word "operating" covers an injury sustained while alighting from an automobile. *Southern Surety Co. v. Davidson* (Tex. Civ. App.), 280 S. W. 336. The contrary is held in *Richardson v. National Cas. Co.* 1 La. App. 718.

One injured while at the head of a horse attached to a plow adjusting the horse's collar is covered by the phrase "while using or operating a plow." *Pankonin v. Federal Life Ins. Co.* 187 Minn. 479, 246 N. W. 14.

Upon the authority and reason of the cases cited we are of opinion that the ruling of the trial judge was correct.

*By the Court.*—The judgment of the circuit court is affirmed.