WERTMAN *v.* MICHIGAN MUTUAL LIABILITY CO.

1. INSURANCE—CONSTRUCTION OF POLICY.

   Language of insurance policy which is not ambiguous, calls for no construction, and must be considered in its plain and easily understood terms.

2. SAME—MOTOR VEHICLES—ELECTROCUTION.

   Electrocution of motorist upon his return to car and taking hold of door handle a few minutes after colliding with pole carrying high-tension wires *held,* not within terms of policy covering insured while he was riding in automobile.

Appeal from Genesee; Parker (James S.), J. Submitted April 19, 1934. (Docket No. 52, Calendar No. 37,691.) Decided June 4, 1934.

Assumpsit by Mae C. Wertman, administratrix of the estate of Harvey E. Wertman, deceased, against Michigan Mutual Liability Company, a Michigan corporation, on an automobile accident insurance policy. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Doran & Pearson,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendant.

WIEST, J. This is an action on an accident insurance policy. We quote the following from the stipulated facts:

"On July 6, 1932, about the hour of six p. m. he (the insured) was the owner, and was operating, a Chevrolet coupe with a light trailer attached, going in a southerly direction on the Clio road in Genesee

county, about a half mile north of Pearson road. He was alone at the time, having delivered some lumber to a location on the Clio road, and was returning to his home in Flint. As he was proceeding along the highway some papers which he had in his car slipped to the floor, and he thought one of them had blown out, and he put his head out of the left side window of the car and looked back up the road; while thus momentarily looking back, his car veered off to the right side of the highway and ran into a shallow ditch, striking a Consumers Power Company pole, carrying high-tension wires, which pole was about six feet off the highway. The impact broke the pole completely off, one of the wires broke and fell with one end laying over the car and/or trailer, and the other end on the ground in the grass, under the car. The right front end of the car struck the pole. After the collision the car was completely off the pavement about a foot from the edge.

"Deceased (the insured) got out of the left door of the car. About five people had gathered at the scene, saw the deceased walk across the pavement and stand around a few minutes talking to some of the bystanders and telling them about the papers slipping off the seat, thinking one had blown out, and his looking back outside to see, and then his car going off the road. He appeared shocked and pale to most of the bystanders, and all right to others.

"The end of the wire on the ground apparently set the grass on fire right under the motor. Deceased started toward the car and some of the bystanders shouted a warning not to touch the car, but he continued, reached and took hold of the door handle as he approached the car, and was immediately electrocuted. He fell over on his car between the left front fender and the hood and then slipped down to the ground, from where he was removed by some of the bystanders. The whole transaction, from the time of impact until his electrocution only consumed about five minutes of time."

The policy of insurance contained the following provision:

"The Michigan Mutual Liability Company  *  *  * does hereby insure the insured subject to all conditions and limitations hereinafter contained, against death, dismemberment, loss of sight or disability resulting within 30 days from date of accident directly by and independently of all other. causes from bodily injuries sustained through external, violent and accidental means caused while the insured is riding in, either as driver or passenger, or by being accidently thrown from the automobile hereinbefore described."

The question presented is whether the insured met his death from bodily injuries sustained while he was riding in the automobile.

The language of the policy is not ambiguous; calls for no construction and, must, therefore, be considered in its plain and easily understood sense. *Kingsley* v. *American Central Life Ins. Co.,* 259 Mich. 53. The insured was not riding in the automobile when he was electrocuted. See *Eynon* v. *Continental Life Ins. Co. of Missouri,* 252 Mich. 279.

The judgment is reversed, without a new trial, and with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, and Edward M. Sharpe, JJ., concurred. Bushnell, J., did not sit.