THEODORE B. REYNOLDS, BY NEXT FRIEND, MARY REYNOLDS, RESPONDENT, v. NATIONAL CASUALTY CO., A CORPORATION, APPELLANT.— 101 S. W. (2d) 515.

Kansas City Court of Appeals. January 11, 1937.

*Schultz & DeMaria* and *J. Louis Pelofsky* for respondent.

*Carl Borello* of counsel for respondent.

454

*Mosman, Rogers, Bell & Buzard* for appellant.

SHAIN, P. J.—In this action plaintiff seeks to recover on an accident policy for an accidental injury alleged as coming within the coverage of the policy.

Cause was taken up before a jury and the trial court under the pleadings and admissions declared, as a matter of law, that plaintiff was entitled to full amount designated by the terms of the contract, to-wit, $250. The court then submitted the issue of vexatious delay and the jury returned a verdict for plaintiff for $100 attorney's fee and $25 penalty. Judgment was entered as per above and defendant has appealed. In our opinion we will continue to refer to the parties as plaintiff and defendant to conform to situation in the circuit court.

## OPINION.

It appears to be the theory of both parties that the question of defendant's liability is one of law.

The determination of the question of liability depends upon the word "Within," as used in the coverage clause.

The coverage clause in question is as follows:

"Part IV:—Automobile, Burning Buildings, Etc.

"If the insured shall, during the term for which this policy is issued or any renewal thereof, and as herein provided,

"(a) By the wrecking of any private pleasure type automobile or horse-drawn vehicle *within which* the insured is driving or riding as a passenger (excluding motorcycles and farm machinery), or while so driving or riding, by being accidentally thrown *from within* such wrecked automobile or vehicle (provided the insured is not operating such automobile or vehicle while carrying passengers for hire or while transporting merchandise for sale or delivery or that such automobile or vehicle is not being used for a criminal purpose or to escape the consequences of an illegal or criminal use or arrest by vested authority);" (Italics ours.)

Touching the accident, plaintiff's pleadings is as follows:

"That on or about December 19, 1934, while he was riding on the *running board* of an automobile of the pleasure type said automobile came into contact and collision with another automobile and as a result thereof the automobile on which plaintiff was riding was wrecked and plaintiff lost his left leg." (Italics ours.)

In its answer the defendant admits that the above allegations are true, but claims they do not come within the coverage clause of the contract. Further answering, defendant sets up another clause of the contract and admits liability thereon in the sum of $40 and offers judgment for that amount. This feature, however, has no

bearing upon the question of liability under the provisions of the policy as above set forth.

The trial court, in passing upon the law involved, is shown to have taken into consideration the admission in the answer and also admissions in defendant's opening statement.

In the defendant's statement the following occurs, to-wit:

"The policy provides that if he were in an automobile and over the age of fifteen years and while riding within that automobile he sustained an injury due to the wrecking of the automobile that they would pay the face of the policy, $500.00—$250.00 to a minor.

"Now, gentlemen, the evidence will show you that this policy is a cheap policy; it is issued in connection with the Kansas City Journal-Post and issued only to subscribers of the Kansas City Journal-Post. I think the premium on this policy, the evidence will show you, was twenty-five cents a month.

"Now, the evidence will show you gentlemen that this young boy was engaged to ride with a driver or carrier for the Kansas City Post and that the carrier, I think, was driving the car and the boy was riding on the running board for the purpose of distributing the Kansas City Post, throwing it to the subscribers, and there is not very much dispute about it. It might be a question for the court to pass on, on a question of law, except this, that the policy does provide that in the event that he suffers an injury which is not covered by any other provision or within other provisions of the policy then, the company would pay him $20.00 a month, I think it was for a period of two months, so that there is due on this policy and the defendant company has offered to permit judgment to be rendered, and if this matter is submitted to you, necessarily there will be a judgment in this case against this company for $40.00;".

The theory of the appealing defendant is, that one injured while riding upon the running board of an automobile does not receive an injury within the coverage clause set forth above, for the reason that one riding upon the running board is not *within*, as a driver or passenger and neither could he be thrown *from within* the car.

The defendant cites but one Missouri authority on the point in issue, to-wit: Mitchell v. German Commercial Casualty Co., 179 Mo. App. 1, 161 S. W. 362.

The opinion in the above case is by the St. Louis Court of Appeals.

The coverage clause in the policy in that case covered injury by accidental means received while riding as a passenger in a place regularly provided for the transportation of passengers *within* a surface or elevated railroad car.

The court held in the above case that the coverage clause did not cover a death resulting from an attempt to board a moving street car.

Defendant cites several cases from other states. In an Arkansas case cited, Life & Casualty Ins. Co. v. De Arman, 90 S. W. (2d) 206, the word "inside" was before the court for interpretation. In the opinion it is stated as follows:

"Appellee cites us to a number of cases where the courts have held that one injured while on the running board of an automobile or other motor vehicle was 'riding in' such vehicles within the meaning of policies insuring against accident to the vehicle 'in which the insured is riding or driving.' Other cases are cited which define the word 'in' as equivalent to the word 'on' and fix liability under policies providing for liability for accident while the insured is riding 'in' a vehicle when in fact he is riding 'on' it.

"Still other cases are cited where the policy insured against accident while riding in a passenger car and the insurer was held liable for an accident while the insured was temporarily on the platform for a necessary purpose. In none of these cases, however, as suggested by counsel for appellant, is the phrase 'inside of which' synonymous to 'outside of which.' So far as our investigation extends, 'inside' has never been held to mean 'outside.'"

In a Tennessee case cited, New Amsterdam Casualty Co. v. Rust, 46 S. W. (2d) 70, the word "in" is involved. We need not discuss the Tennessee case as same as in conflict with Missouri authority.

A Maryland case cited, National Life Ins. Co. v. Fleming, 127 Md. 179, 96 Atl. 281, the issue presented and the conclusion reached are the same as in Mitchell v. German Commercial Casualty Co., 179 Mo. App., supra.

Plaintiff, the respondent, contends that *within*, within the meaning of the contract, includes on the running board.

The term, "while riding as a passenger in a railway passenger car" has been before the courts of this State. Under such a coverage clause our courts hold there is liability where one was thrown from the platform while passing from one coach to another. [Schmohl v. Travelers' Ins. Co. (Mo. App.), 189 S. W. 597, affirmed (Mo. Sup.), 197 S. W. 60; State ex rel. v. Ellison, 266 Mo. 580.]

In Stewart v. North American Acc. Ins. Co., 33 S. W. (2d) 1005, the court had under consideration a coverage clause that conforms to one here in issue except the word "in" is used instead of the word "within." In the above case the insured was riding upon the running board.

In the policy involved in the Stewart case the coverage was "against death resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means," as, "by the wrecking or disablement of a private automobile of the exclusively pleasure type, . . . in which the insured was riding."

The St. Louis Court of Appeals held that the insured while riding

upon the running board came within the coverage clause. The court in the opinion says:—In the above case the defendant argued that the word "in" meant *within*. Touching such argument the court says:

"Now it would be folly to say that 'in' and 'on' have exactly the same meaning under any and all circumstances, and yet, when reference is made in ordinary conversation to the location of persons under facts similar to those involved in the case at bar, the two prepositions are often used interchangeably. One might say that he came either 'in a train' or 'on a train,' without intending in anywise to indicate by either form of expression the particular place in the train that he occupied. Similarly, if the insured had been so fortunate as to have reached his destination, and some one had asked him how he came, he would doubtless have answered that he came 'in an automobile,' without intending in any way to conceal the fact that he rode on the running board rather than in the seat. That in ordinary acceptation the preposition 'in' is interchangeable with 'on,' when used in the sense of the illustrations we have given, has been pointedly recognized and held in this State. [Schmohl v. Travelers' Insurance Co. (Mo. Sup.), 189 S. W. 597, affirmed (Mo. Sup.), 197 S. W. 60.]"

From a careful study of the language of the two paragraphs above, we conclude that it may reasonably be inferred that the court admonished the defendant in that case that, if defendant meant to express "within" it should have used the word "within" instead of the word "in."

It is unquestionably the law of this State that the language "while riding as a passenger in a place regularly provided for transportation of passengers only *within* a railroad car," covers an injury where the insured is injured on the platform and steps when alighting from the train. Under such an incident the word *within* in the connection used is interpreted to mean "in," which in turn can be interpreted "on." Such interpretation as above is based upon the construction by our courts of the phrase, "while riding as a passenger in a railway passenger car." [Mackay v. Commonwealth Casualty Co., 34 S. W. (2d) 564.]

From a somewhat exhaustive research, we find, that the word "in" has been held to mean "on" and that the word "within" has been held to mean "in." In the discussion, wherein such rulings as above are found, there are found frequent explanations that these terms are not universally interchangeable one for the other. In the conclusions reached it is always made plain that the conclusion of meaning reached, is by means of the sound rule of interpretation wherein the context of the instrument wherein found is considered and wherein the meaning as concluded conforms clearly to the instrument as a whole.

There is no case cited wherein the word *within* is shown to have been used just as used in the coverage clause herein. In our research we find no parallel case. It, therefore, becomes our duty to interpret the meaning as used in the contract before us. In doing so, we will have to give consideration of the whole coverage clause regardless of the facts that the coverage clause may or may not have other expressions of non-liability that are not urged by the defendant herein. In other words, we consider the whole contract for the sole purpose of giving interpretation to the word *within* as used in the clause.

In our interpretation we further eliminate an element expressed in defendants brief, to-wit: that the policy in issue is a cheap policy. This is not the first time such a plea has been found expressed in briefs and arguments presented in this court, and, we take occasion now to say that the cheapness of the premium presents no defense as to coverage or amount recoverable. Our experience leads us to conclude that the cheapness of an insurance policy consists in its limitations of liability. It follows, that the old saying, "the cheaper an article is the dearer it is," has practical exemplifications.

The clause in question in express terms limits coverage to a "vehicle *within* which the insured is driving or riding as a passenger or from accidentally being thrown *from within* when so driving or riding. We conclude that the coverage expressed is the same as to a driver or a passenger.

The use of the term "pleasure type" as applied to the vehicle is worthy of some consideration especially by reason of restriction of liability "while transporting merchandise for sale or delivery." We conclude further that the express restriction as to transportation for hire presents a somewhat different situation than presented in coverage clauses insuring from accident while riding within a passenger car for hire, for the reason that passing from one coach to another and entering and departing from a train, wherein one is a passenger, are incident to transportation for hire and such incident, within coverage for passenger on vehicles transporting people for hire, harmonize with interpreting "in" as "on" and "within" as "in" and, such interpretation is in harmony with the subject-matter and conforms to the intent of the contract when considered as a whole.

There are certainly distinguishing features from those of transportation for hire involved in the issue before us in this case. The subject-matter of the coverage clause herein is materially different. Herein there is not only restriction as to type of vehicle but a restriction as to purposes for which the vehicle is used when occupied by the insured.

The whole contract of insurance in this case is in evidence and while but this one coverage clause is involved, still in giving inter-

pretation to this clause it becomes our duty to examine the whole contract, and, if from the whole context it is clearly shown that the term *within* is used as antithesis to *without*, it becomes our duty to so hold.

The contract herein contains a coverage clause for injury to a passenger for hire on passenger car and passenger steamship as follows:

"By the wrecking of any Railroad Passenger Car, Passenger Steamship or Steamboat *in or on* which such insured is traveling as a fare-paying passenger, in a place regularly provided for passengers only, (excluding employees of the above named common carriers while on duty, but including such employees while riding as fare-paying passengers)." (Italics ours:)

The use of the expression "in or on" in the above clause of the contract clearly indicates that the word *within*, as used in regard to a pleasure type vehicle, restricted as to passengers for hire and restricted as to use for certain purposes, is not interchangeable with the expression "in or on."

To interpret the clause here in issue by adoption of the plaintiff's theory, would substitute for the clause in question one practically identical with the passenger for hire clause set out above.

In the contract before us, we find one clause covering injury occurring under expressed conditions and wherein the expression "in or on" is found and another clause covering injury occurring under different expressed conditions wherein the expression "within" is used.

When the whole contract is read, we find no ambiguity and do not feel justified in giving any other meaning to the word "within," as found in the clause in question, than the commonly accepted meaning as the antithesis of "without."

We therefore conclude that, under the contract of insurance involved herein, the injury to plaintiff while riding upon the running board of the automobile, as shown by the allegation and admission of facts, does not come within the expressed meaning of the coverage clause of the contract and hence no liability rests upon defendant under said clause.

We distinguish the case at bar from Stewart v. North American Acc. Ins. Co., 33 S. W. (2d) 1005, in that the word *within* was not involved therein and in that the coverage clause therein has not such expressed limitations as are found in this case. In other words, in that case we are in harmony with the opinion to the effect that the word "in" in the context used can be reasonably interpreted to mean "on," but conclude that the word "within" as used in the context of the contract before us cannot be interpreted to mean "without."

The plaintiff, a minor, is here by his next friend. Better it would

460

have been for him to have had a next friend in the selection of insurance to cover the risks incident to the work he was engaged in. We sympathize with the plaintiff in his misfortune, but have not the power to substitute a different contract for the one before us.

Judgment reversed and cause remanded with directions to enter judgment for plaintiff in the sum of $40 as per defendant's offer. All concur.