MILLER, Respondent, vs. WASHINGTON NATIONAL
INSURANCE COMPANY, Appellant.

*March 11—April 15, 1941.*

For the appellant there was a brief by *James E. Coleman,* attorney, and *John B. Frisch* of counsel, both of Milwaukee, and oral argument by *Mr. Frisch.*

*Fred Doering* of Milwaukee, for the respondent.

FRITZ, J. Upon this appeal from an order overruling a demurrer filed by defendant on the ground that the facts

alleged in the complaint were insufficient to constitute a cause of action, it suffices to note the following facts. Plaintiff is the beneficiary under a travel and pedestrian accident policy issued to George Zander. While he was driving a motor truck for his employer the tire on an inner wheel of the dual rear wheels of the truck became deflated so as to prevent the further use of the truck on the intended trip until repairs could be made. In accordance with his employer's instructions Zander had to drive to the employer's garage, and there he began to make the repairs by the removal of the outer wheel so as to be able to remove the disabled inner wheel and flat tire. While engaged in removing the outer wheel, the tire thereon exploded with such force and violence that Zander was instantly killed. Plaintiff alleged that the deflation of the tire on the inner wheel was the proximate cause of the death.

The policy, so far as herein material, provided indemnity for loss of life—

"resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means subject to the limitations and provisions of the policy. . . . By the wrecking or disablement of any automobile, truck . . . in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile or vehicle."

And the words "wrecking or disablement" are defined in an indorsement on the policy as follows:

"The words 'wrecking or disablement' of any automobile, elevator or conveyance, as stated in this policy, shall mean an injury which necessitates repair in order to place the conveyance in as good condition as existed before the accident."

Defendant contends that it is not liable under these provisions of the policy because at the time of the explosion of the tire, which resulted in his injury, Zander was not riding or driving in the truck; and that the manner in which he suffered the injury which resulted in his death was not covered

by the insuring provision of the policy. On the other hand, plaintiff contends that the construction placed on the policy by defendant in defining the words "wrecking and disablement" as stated above enlarged the scope of the liability under the coverage clause so as to authorize the driver to make the necessary repairs upon the deflation of the tire; and that thus the injury was brought within the coverage of the policy.

It is true, as plaintiff argues, that because the deflation of the inner wheel tire necessitated repair in order to place the truck in as good condition as existed before the accident, there was then a "wrecking or disablement" of the truck within the meaning of these words, as defined in the policy. When that happened, the acts necessary to remove and repair the deflated tire, in order to continue the operation and driving of the truck to the destination of the intended trip, could be considered to be necessarily incidental to such operation thereof; and if the policy had insured Zander against loss as the result of injury sustained while "operating" a motor vehicle, then the injury sustained by him while engaged in removing the tire might be deemed to be within the coverage afforded by the policy. *Merklein v. Indemnity Ins. Co. of North America,* 214 Wis. 23, 25, 252 N. W. 280. However, neither the word "operating" nor any similar or equivalent term is used in the provision as to coverage under the policy in the case at bar. In order to be within the coverage afforded thereby the injury resulting in the loss of life must be effected "by the wrecking or disablement of any automobile, truck . . . in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile or vehicle." The language thus used in this provision is plain and unambiguous. When given their plain and ordinary meaning the words used admit of but the construction that in order to be within the coverage afforded by the policy, the bodily injury to the insured must be effected by the wrecking or disablement of a vehicle "in which the insured is riding or driving" at the time of such

wrecking or disablement, or by his being accidentally thrown from such wrecked or disabled vehicle. In other words, to be within the coverage the insured must have been riding or driving in the vehicle at the time of the wrecking or disablement thereof by which his injury was effected, or his injury must have been effected by being accidentally thrown from such wrecked or disabled vehicle. In *Eynon v. Continental Life Ins. Co.* 252 Mich. 279, 233 N. W. 228; and in *Wertman v. Michigan Mut. Liability Co.* 267 Mich. 508, 255 N. W. 418, the court reached virtually the same conclusions in relation to substantially the same provisions as to coverage. In the *Eynon Case, supra,* the injured insured had driven his automobile to a gasoline filling station to inflate a tire. He stopped the automobile at the street curb, stepped to the ground, and applied the air to the disabled tube. Then an explosion caused the outer rim and tube to fly from the wheel and strike his face and body, inflicting injuries from which he died. In holding that the injury was not within the coverage, the court said (p. 281),—

"The insured was not riding in or driving his car, nor was he accidentally thrown from his car, neither was he struck or knocked down or run over by a motor vehicle within the terms of the policy. Much ingenuity is exhibited by counsel in an endeavor to bring the accident within the policy, but it all falls before a reading of the plain words employed, limiting liability to accidents happening in a specified manner, and, therefore, to none other. The language is too plain to call for construction and bars separation of words therein from the context."

In the *Wertman Case, supra,* the deceased had driven the automobile into a pole causing a wire to fall across the automobile. He had stepped out of the car and left it for a few minutes, and was electrocuted when he returned and re-entered the automobile. The court said (p. 510),—

"The language of the policy is not ambiguous; calls for no construction and, must, therefore, be considered in its plain

and easily understood sense. *Kingsley v. American Cent. Life Ins. Co.* 259 Mich. 53, 242 N. W. 836. The insured was not riding in the automobile when he was electrocuted."

See also *New Amsterdam Casualty Co. v. Rust,* 164 Tenn. 22, 46 S. W. (2d) 70; *Reynolds v. National Cas. Co.* 231 Mo. App. 453, 101 S. W. (2d) 515; *Mould v. Travelers' Mut. Cas. Co.* 219 Iowa, 16, 257 N. W. 349; *Merritt v. Great Northern Life Ins. Co.* 236 Wis. 1, 294 N. W. 27.

For the reasons stated, it follows that the injury and death sustained by the insured cannot be held to be within the coverage afforded by the policy; and that therefore the defendant's demurrer must be sustained.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrer to the complaint.