## McCowley, Appellant, *v.* North American Accident Insurance Company.

Argued November 9, 1942.

·Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES,
HIRT and KENWORTHEY, JJ.

*John E. Cotsack,* for appellant.

*E. Walter Samuel,* for appellee.

OPINION BY KELLER, P. J., December 8, 1942:

The policy in suit insured the plaintiff against, *inter alia,* bodily injuries caused by external, violent and accidental means and sustained "while riding within a private automobile."

While plaintiff was driving his private automobile along Route 29 in Luzerne County, it suddenly stopped; he got out of the automobile, walked to the front of the car and attempted to crank it, in an effort to start the motor, and in so doing received injuries which disabled him for ten successive weeks.

The court below sustained the defendant's affidavit of defense raising a question of law, filed under section 20 of the Practice Act of 1915, P. L. 483, in lieu of demurrer, and entered judgment for the defendant.

Plaintiff appealed. The judgment will be affirmed.

The case seems to us to be too clear to require extended discussion. The clause in the policy relied upon by the plaintiff insured him against injuries sustained by him only *while he was riding within a private automobile,* not while on an automobile trip. At the time he was hurt he had alighted from the automobile and

was standing in front of it trying to crank it so as to make the motor run. By no stretch of the imagination can a person thus engaged in cranking an automobile from the outside be said to be riding *within* it. The language in the policy of insurance is too clear and unambiguous to leave room for doubt. In this State, we do not "create" a doubt in insurance cases, "which would not be tolerated in any other kind of contract," in order to resolve it in favor of the insured: *Urian v. Scranton Life Ins. Co.,* 310 Pa. 144, 151, 165 A. 21. See, *inter alia,* similar cases from other jurisdictions: *Eynon v. Continental Life Ins. Co.,* 252 Mich. 279, 233 N.W. 228; *Wertman v. Michigan Mutual Liability Co.,* 267 Mich. 508, 255 N.W. 418; *Hildebrand v. Washington National Ins. Co.,* 155 Kan. 220, 124 P. 2d 510; *Miller v. Washington National Ins. Co.,* 237 Wis. 475, 297 N.W. 359; *Bommarito v. North American Acc. Ins. Co.,* 251 App. Div. 123, 295 N. Y. Supp. 624; *Turner v. Fidelity & Casualty Co. of N. Y.,* 274 Mo. 260, 202 S.W. 1078; and Annotation in 138 A.L.R. 404 to case of *Provident Life & Accident Ins. Co. v. Nitsch,* 123 Fed. 2d 600 (5 C.C.A. Texas).

The case of *Wright v. Aetna Life Ins. Co.,* 10 Fed. 2d 281, relied upon by appellant is easily distinguishable. There the insured was riding down a steep mountain road in the private automobile of a friend, who was driving. In the descent the driver, in attempting to change gears, for the time being lost control of the car. When he finally got it under control he found that the insured had disappeared, and going back discovered him lying face down on the road. When the car got out of control, the insured was in it and was either thrown from the car or jumped when exposed to the peril of loss of control. The Circuit Court of Appeals for the 3d Circuit held—Judge WOOLLEY dissenting—that the injuries, which resulted in his death, were within the language of the policy, insuring him

against "bodily injuries through external, violent and accidental means while he is *riding in, operating* or *caring for* a private automobile." It will be noted that the language in that policy covered more than the policy in suit.[1] But the rationale of the decision is contained in the following excerpt from Judge BUFFINGTON'S opinion: "Now, what was the object of the insured when he contracted for indemnity? There can be no doubt it was for his protection *while riding in an automobile*—protection against what? The answer is manifest: *Against the dangers to which one riding in an automobile is subjected.* Collision, overturning of machine, the machine leaving the road, etc., are naturally anticipated; but in the same category, and one of the grave dangers, especially in such a hilly and mountainous region as Pennsylvania, where, as appears by indorsement, this policy became effective, is loss of car control. But in loss of control on steep grades one of the most common happenings is the fright, and indeed hysteria, of a helpless passenger, which, coupled with the instinct of self-preservation, leads to his or her jumping from the car." (Italics supplied).

We are not called upon to decide whether we agree with the conclusions of the majority of the court in that case; but we do say that if the subsequent language in that opinion is broad enough to bring injuries sustained by one who gets out of an automobile for the purpose of cranking it and is hurt by the recoil of the crank, within a clause in a policy insuring only against accidental injuries received *while riding within a private automobile,* we are unwilling to follow it. We do not think, however, that the language of the opinion considered in connection with its facts, is capable of such a construction.

Judgment affirmed.

---

[1] See *Merklein v. Indemnity Ins. Co. of N. A.,* 214 Wis. 23, 252 N. W. 280—"operating."