JAMES GREEN

*v.*

FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY

(No. 10620)

Submitted January 26, 1954. Decided March 9, 1954.

*Scherer, Bowers & File, W. H. File, Jr.,* for plaintiff in error.

*T. R. Wilson, Jr.,* for defendant in error.

GIVEN, PRESIDENT:

Plaintiff, James Green, prosecuted his action in the Circuit Court of Raleigh County against defendant, Farm Bureau Mutual Automobile Insurance Company, for recovery of damages resulting from an injury which plaintiff contends falls within "Coverage G" of an insurance policy issued to plaintiff by defendant. The case was heard in the circuit court upon a stipulation of facts, and judgment was rendered in favor of plaintiff for five hundred dollars, on April 9, 1953. This Court granted a writ of error to that judgment.

Coverage G of the policy reads: "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the Named Insured or with his permission."

The stipulation reads: "It is hereby agreed by and between the attorneys for the respective parties in the above styled action that the plaintiff was the holder of an insurance policy issued by the defendant, and while the said policy was in effect the said plaintiff was injured by the automobile described in the said policy under the following circumstances:

"The insured had a flat tire while in the course of a journey. He got out of the automobile, jacked up the rear of the car and removed the damaged tire. When he attempted to put the spare tire on the automobile he found that the jack did not raise the rear axle far enough off of the ground to permit this, and he reached for a block or a piece of timber with which to place under the rear axle. As he grasped the timber, the car fell sideways off of the jack and the wheel drum fell on his right arm causing injuries for which the medical bills were in excess of Five Hundred Dollars ($500.00), which is the limit provided for in the policy."

The only question arising in the case is whether the injury to plaintiff occurred while he was "in or upon, entering or alighting from the automobile".

Insurance contracts are to be construed or applied according to principles governing other contracts, except that where doubt or ambiguity exists the contract is to be construed liberally in favor of the insured. See *Thompson* v. *State Automobile Mutual Insurance Company*, 122 W. Va. 551, 11 S. E. 2d 849; *Booher* v. *Farmers' Mutual Fire Association of West Virginia*, 91 W. Va. 468, 113 S. E. 754; *Tucker* v. *The Colonial Fire Insurance Company*, 58 W. Va.

30, 51 S. E. 86. The exception, however, the liberal construction rule, does not require, or even permit, the twisting or distorting of plain words or language. See *Hanford v. Metropolitan Life Insurance Company*, 131 W. Va. 227, 46 S. E. 2d 777; *Adkins v. Aetna Life Insurance Company*, 130 W. Va. 362, 43 S. E. 2d 372; *Haddad v. John Hancock Mutual Life Insurance Company*, 117 W. Va. 749, 188 S. E. 131; *Iannarelli v. Kansas City Life Insurance Company*, 114 W. Va. 88, 171 S. E. 748. "Policies of insurance, like other contracts, must receive a reasonable interpretation consonant with the apparent object and plain intent of the parties." Point 3, Syllabus, *Kanawha Investment Company v. The Hartford Steam Boiler Inspection and Insurance Company*, 107 W. Va. 555, 149 S. E. 605.

We have been cited to no decision of this Court, and an independent search has revealed none, construing or applying the language "while in or upon, entering or alighting from the automobile". Decisions of courts of other jurisdictions may prove helpful. In *Turner v. Fidelity & Casualty Company of New York*, 274 Mo. 260, 202 S. W. 1078, L. R. A. 1918E 381, the pertinent language in the policy was "while in or on a private conveyance". The injury for which damages were claimed occurred immediately after insured, with both feet on the ground, had started, by the use of a crank, the engine of the automobile in which he was traveling. Upon the starting of the engine the automobile instantly moved forward, killing the insured. The Court held that the insured was neither in nor on the automobile, within the plain language and meaning of the policy.

In *Eynon v. Continental Life Insurance Company*, 252 Mich. 279, 233 N. W. 228, the pertinent policy provision required, to permit recovery, that the injury occur "By the wrecking or disablement" of a private automobile "in which the insured is riding or driving". While on a trip the insured stopped at a filling station and attempted to inflate a disabled tire, causing an explosion from which the injury resulted. Recovery was denied.

In *New Amsterdam Casualty Co.* v. *Fromer,* 75 A. 2d 645, 19 A. L. R. 2d 509, the Municipal Court of Appeals for the District of Columbia denied recovery under a policy providing that recovery could be had only where the injury occurred while the insured was "in or upon, entering or alighting" from the automobile, where the injury for which damages were claimed resulted to the insured at a point about six feet to the rear of the automobile, at a time when the insured was going toward the automobile with the intention of "entering" it for the purpose of continuing the trip. Other cases to the same general effect are *Ross* v. *Protective Indemnity Company,* 135 Conn. 150, 62 A. 2d 340; *Reynolds* v. *National Casualty Company,* 231 Mo. App. 453, 101 S. W. 2d 515; *Miller* v. *Washington National Insurance Company,* 237 Wis. 475, 297 N. W. 359; *Merklein* v. *Indemnity Insurance Company,* 214 Wis. 23, 252 N. W. 280; *Wertman* v. *Michigan Mutual Liability Company,* 267 Mich. 508, 255 N. W. 418; *Goodwin* v. *Lumbermen's Mutual Casualty Company,* 199 Md. 121, 85 A. 2d 759; *Union Indemnity Company* v. *Storm,* 86 Ind. App. 562, 158 N. E. 904; *Kennedy* v. *Maryland Casualty Company,* 26 F. 2d 501.

In a few cases recovery has been permitted, apparently not upon the theory of ambiguity in the language contained in the policy, but because the peculiar circumstances in which the injury occurred brought it within the language or meaning of the policy. In *Madden* v. *Farm Bureau Mutual Automobile Insurance Company,* 82 Ohio App. 111, 79 N. E. 2d 586, the pertinent language permitted recovery only if the insured was injured "while in or upon, entering or alighting from" the automobile. The insured, while on a trip, stopped in a public street to change a flat tire. While he was placing the removed tire in the rear compartment of his automobile, "with the upper part of his body and arms within the rear compartment, he was struck by another automobile and wedged between the two automobiles and injured". It was held "that his position at the time brought him within the class intended to be protected against the risk". See *Sherman*

v. *New York Casualty Company,* 78 R. I. 393, 82 A. 2d 839; *Lokos* v. *New Amsterdam Casualty Company,* 93 N. Y. S. 2d 825; *Katz* v. *Ocean Accident and Guarantee. Corporation,* 112 N. Y. S. 2d 737.

In *Davis* v. *Combined Insurance Company,* 137 W. Va. 196, 70 S. E. 2d 814, the pertinent language of the policy sued on permitted recovery by the insured only if the insured was "walking or standing on a public highway". At the time of the injury which resulted in death to the insured, the insured was sitting on the front part of a motorcycle which was moving very slowly, with his right foot touching or dragging on the highway. Recovery was denied, the Court holding: "4. The principle that a contract of insurance should be construed liberally in favor of the insured and strictly against the insurer does not apply when the language of such contract is unequivocal and unambiguous and clearly expresses the intention of the parties to such contract."

We think the holding in the *Davis* case controls here. The words of the policy under consideration, whether considered separately or in context, are not ambiguous. They are of plain meaning, easily understood and of common use. We need not, indeed we are not permitted to, invoke any rule of construction where such plain language is used. No construction is called for. Even under the holdings of cases like the *Madden* case, *supra,* plaintiff here would not be entitled to recover. In those cases there was some basis for holding that the insured was in, upon, entering or alighting from an automobile. No such basis exists in the instant case. The insured was outside of the automobile, near the rear axle, not touching the automobile, in so far as the stipulation informs us.

It is true, of course, that in so applying the pertinent wording of the policy recovery thereunder is limited in some respects. But is not limitation of coverage the exact purpose of such provisions? We presume that if the insured had desired an insurance policy of broader or unlimited coverage he could have obtained it by paying

necessary additional premiums. We see nothing unusual or unfair in a policy which limits recovery thereunder in certain situations, provided the amount of the premium charged is fixed accordingly. It may be, and probably is, true that many persons desire or can afford to purchase limited coverage only. However that may be, courts must not, in attempting to follow the liberal construction rule, make contracts for the parties.

The judgment of the Circuit Court of Raleigh County complained of is reversed and the case is remanded to that court.

*Reversed and remanded.*