**Lois Mae HAMMER, Plaintiff in Error,**

**v.**

**OLD AMERICAN INSURANCE COMPANY, a foreign corporation, Defendant in Error.**

**No. 42186.**

Court of Appeals of Oklahoma, Division No. 80.

Oct. 21, 1970.

Victor B. Protzman, Del City, for plaintiff in error.

John H. Cantrell, Lee B. Thompson, Ralph G. Thompson, Cantrell, Douglass, Thompson & Wilson, Oklahoma City, for defendant in error.

FISHEL, Judge.

This is an appeal from the trial court sustaining demurrer of defendant to plaintiff's petition and from order overruling plaintiff's motion for new trial. The parties will be referred to as they appeared in the trial court.

Defendant, Old American Insurance Company, contracted to insure plaintiff's husband's life, according to the following terms:

"If loss of a covered person's life shall result, within 60 days from the date of the accident, solely from injuries sustained as the result of an accident to any automobile inside of which such covered person is riding, whether as driver or passenger, the company will pay a lump sum death benefit of Five Thousand Dollars in addition to any other benefits payable under this policy. As used in this provision, 'automobile' means any vehicle of type commonly and ordinarily known and referred to as an automobile."

said policy being in force at the time plaintiff's husband, William Edward Hammer lost his life.

On January 7, 1965, at 7:40 A.M., according to the pleadings, admitted by both parties, plaintiff's husband driving his automobile in a northerly direction on

South Robinson Street in Oklahoma City, Oklahoma, during a peak traffic time, collided with a stopped automobile in the middle lane of said street; that immediately after this accident occurred, he got out of his car and later, while surveying said accident and trying to determine what course of action to pursue, the rear of his automobile was struck by a third vehicle, crushing him between his own automobile and the vehicle he had initially struck. He died within ten minutes thereafter.

Plaintiff contends that the death of the insured resulted from the first accident between the car which insured was driving and the car with which insured had collided: Re: That had he not had the first accident he would not have gotten out of his car but would have proceeded to his destination. Defendant contends that the policy requires the insured to be inside of the automobile at the time of the accident, with resulting injury causing death, within sixty (60) days, and that based upon the pleadings, plaintiff's petition failed to state a cause of action.

The sole question here presented is: Do the facts, as alleged, show that the policy afforded coverage for his death under the circumstances pleaded?

Plaintiff urges for reversal that plaintiff's decedent was in actual physical control of his automobile, even at the time of the second accident, had not abandoned his automobile and neither had he become a pedestrian or anything other than the driver of his vehicle. Where terms of insurance contract are clear, consistent, and unambigious, no forced· or strained construction should be indulged to give effect to the policy. United States Fidelity & Guaranty Co. v. Briscoe, 205 Okl. 618, 239 P.2d 754; National Aid Life Ass'n v. May, 201 Okl. 450, 207 P.2d 292.

We are of the opinion and hold that the contract in the present case is clear, plain and unambigious.

For plaintiff to recover the policy required that plaintiff's decedent's death be caused solely by reason of an accident to the automobile inside of which he was riding, with resulting injury causing death within sixty (60) days. Neither the accident nor the injury, resulting in the death of plaintiff's decedent, occurred while the insured was inside his car. The following cases are authority for holding that plaintiff may not recover: Reynolds v. National Casualty Co., 231 Mo.App. 453, 101 S.W.2d 515; Life & Casualty Ins. Co. of Tennessee v. De Arman, 192 Ark. 11, 90 S.W.2d 206; New Amsterdam Casualty Co. v. Rust, 164 Tenn. 22, 46 S.W.2d 70; Bowlin v. State Farm Mutual Automobile Insurance Company, Tenn.App., 327 S.W.2d 66; Green v. National Bellas Hess Life Insurance Company, La.App., 124 So.2d 397; Wertman v. Michigan Mut. Liability Co., 267 Mich. 508, 255 N.W. 418.

Plaintiff cites Wright v. Aetna Life Ins. Co. (C.A. 3), 10 F.2d 281, 46 A.L.R. 225 and Walden v. Automobile Owners Safety Insurance Company, Ark., 311 S.W.2d 780, as authority for reversal. These cases are distinguishable from this case. In each of these cases, insured died of an actual accident involving the vehicle in which each was riding and not as a result of the intervention of a second, separate and independent accident involving the vehicle in which insured was riding.

A petition taken as a whole, where, together with all the inferences that may be legally drawn therefrom, fails to state facts sufficient to constitute a cause of action, the court must sustain a demurrer. Davis v. City of Okmulgee, 174 Okl. 429, 50 P.2d 315; Westheimer v. Byrne, 110 Okl. 107, 236 P. 589.

The judgment of the trial court is affirmed.

DAVISON, P. J., and WEST, J., concur.