AUGUST E. PETERSEN, Appellee, v. PRUDENTIAL INSURANCE COMPANY of America, Appellant.

No. 42000.

MARCH 6, 1934.

Lane & Waterman, for appellant.

Homer I. Smith, for appellee.

Evans, J.—We have no argument for the appellee. The reason for such failure becomes rather apparent upon an examination of the record. The plaintiff is the holder of a life insurance policy in the defendant company. In addition to death benefits provided by said policy, there are contained therein certain other so-called "provisions as to total and permanent disability." The following quotation from the policy is a sufficient indication of the character of such provisions:

"Disability Before Age 60: Waiver of Premiums—Monthly Income to the Insured—If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this Policy, while this Policy is in full force and effect and the Insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the benefits hereinafter specified, dating from the commencement of such disability, or if the proof submitted shall not be due proof of the *permanency* of such disability but shall be due proof that *total* disability as defined exists and has existed continuously during a period of not less than ninety consecutive days *immediately preceding receipt of such proof*, such disability shall be presumed to be permanent and the Company will grant the said benefits dating *from the end of*

*ninety days from the commencement of the period of total disability* which has existed continuously to the date of such proof."

Our consideration of the case involves only a construction of the language above set forth. It will be noted that the foregoing provides for certain compensation to be paid to the policyholder in the event of *total* and *permanent* disability. *Total* disability is not compensable thereunder unless it be *permanent*. *Permanent* disability is not compensable unless it be *total*. Partial disability, though permanent, or temporary disability, though total, is not compensable. In the event of disability, a waiting period of 90 days is provided. If at the expiration of that period due proof is made of *total* disability for a period of 90 consecutive days immediately preceding presentation of the proof, then a presumption of *permanency* will be conceded and acted upon by the defendant company, subject to the right of the company to call for additional proofs at a later time. Whenever in the future it shall be disclosed that such disability has ceased to be *total* or has ceased to be *permanent,* the liability of the company for further compensation is terminated. No controversy is presented over the facts. These rest wholly upon the testimony of the plaintiff and his physician. According to their testimony, the plaintiff was injured in an automobile accident on the 5th day of January, 1932. He was totally disabled thereby for the time being. He was able to resume his regular occupation on the first day of May, 1932. He claims to recover for the intervening time between January 5 and May. On the 29th of March, 1932, he made proof of these facts to the company. In July, 1932, he made second proofs to the same effect. Following these latter proofs, he brought his action for recovery. The plaintiff construes his policy as an accident policy and as entitling the policyholder to compensation for the time intervening between the original disability and the resumption of his occupation. He takes no account of the question of permanency of the disability nor any account of the termination of the disability as negativing permanency. The provisions of the policy which are vital to the plaintiff are free from ambiguity. In order to be understood, they need only to be read. Similar provisions have been repeatedly considered in virtually all our courts. There is no discord of interpretation thereof. Upon this record, the disability is conceded to have been *not permanent*. That fact became conceded by the plaintiff before the expiration of 90 days. That fact of itself was fatal to the claim of plain-

tiff. The concession by the plaintiff that he is entitled to recover only for 119 days is equally a concession that he is not entitled to recover at all. This is not a case where the plaintiff established a total disability for 90 consecutive days and became thereby entitled to a tentative presumption of permanency of the disability. In such a case the policyholder might collect for a time under the presumption and might lose such right later by subsequent proofs. In this case the fact that the disability was not permanent had become obvious and conceded before the liability of the defendant had even accrued. Its accrual had become impossible before the expiration of 90 days. See Corsaut v. Equitable Life Assurance Association, 203 Iowa 741, 211 N. W. 222, 51 A. L. R. 1035; Hawkins v. John Hancock Mutual Life Insurance Company, 205 Iowa 760, 218 N. W. 313; Hurley v. Bankers Life Company, 198 Iowa 1129, 199 N. W. 343, 37 A. L. R. 146.

The judgment below is accordingly reversed.

CLAUSSEN, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.