WILLIAM PEARSON *v.* SUPREME LIBERTY LIFE INSURANCE
COMPANY

(No. 8052)

Submitted February 26, 1935. Decided March 5, 1935.

*T. G. Nutter* and *Capehart & Miller,* for plaintiff in error.
*Sale, St. Clair & Sale,* for defendant in error.

LITZ, PRESIDENT:

This is an action on a life, health and accident insurance
policy to recover sick benefits under a disability clause en-
titling the insured to $30.00 a month for one year. Judgment
was entered upon a verdict of a jury in favor of plaintiff for
$353.65, and defendant prosecutes error.

The only specification of defense is that the application of
plaintiff for insurance contains misrepresentations relating to
his health. The policy recites that it is issued in consideration
of the payment of premiums and "the statements and agree-
ments contained in the application * * * which statements
the insured makes and warrants to be true" by the acceptance
of this policy. The application states, inter alia, that the
insured had not been afflicted with any "disease of the throat"
or "other disease" and had not "received medical attention
or advice within the past five years." It also recites: "I
(applicant) understand and agree that the right to recover
under any policy which may be issued upon the basis of this
application shall be barred in the event that any of the

statements made, material either to the acceptance of the risk or the hazard assumed by the company, is false and made with intent to deceive.'' Plaintiff, becoming incapacitated in July, 1932, immediately entered a government hospital in Dayton, Ohio, where he was treated about one year. He was confined to his bed two weeks. The remainder of the time he was able to walk around the hospital.

The evidence shows that plaintiff contracted influenza on the George Washington steamship in going to or returning from the World War; that he had consulted two doctors, each on a single occasion, for minor complaints within five years prior to the application and occasionally had experienced sore throat and stomachache which was relieved by the use of soda-mint tablets. The nature of the disease from which he suffered during his confinement in the hospital at Dayton does not appear, and it is, therefore, impossible to determine whether his previous throat and stomach symptom bore any relation to the disability upon which the judgment is predicated. (Defendant unsuccessfully attempted to show that he was afflicted with syphilis.)

Defendant contends, under the rulings in *Saltesz* v. *Sovereign Camp of Woodmen of the World*, 110 W. Va. 513, 159 S. E. 513; *Leadman* v. *Aetna Life Insurance Company*, 112 W. Va. 53, 163 S. E. 716; and other similar cases that plaintiff is barred from recovery by reason of the representations contained in his application, whether made in good faith or material to risk. The *Saltesz* case held that false statements in the application warranted to be true (though made in good faith), will prevent recovery on the policy. In the *Leadman* case, it is stated: ''The fact that a specific answer is sought by the insurer in an application, for an insurance policy, makes that answer material. When such an answer is untrue, the policy will ordinarily be forfeited.''

The cases relied on are inapplicable. As already observed, the application involved in this case contemplates that the representations, to bar recovery, must be (1) untrue, (2) material to the risk assumed, and (3) intentionally fraudulent. These conditions, if in conflict with the recitals of the policy, will prevail. Conflicts or doubtful construction must

be resolved in favor of the insured. "When a policy of insurance contains contradictory provisions, or has been so framed as to leave room for construction, rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligation of a warranty. The company cannot justly complain of such a rule. Its attorneys, officers, or agents prepared the policy for the purpose, we shall assume, both of protecting the company against fraud, and of securing the just rights of the assured under a valid contract of insurance. It is its language which the court is invited to interpret, and it is both reasonable and just that its own words should be construed most strongly against itself." *National Bank* v. *Ins. Co.*, 95 U. S. 673, 678, 24 L. Ed. 563; *Moulor* v. *American Life Ins. Co.*, 111 U. S. 335, 28 L. Ed. 447. *Schwarzbach* v. *Ohio Valley Protective Union*, 25 W. Va. 622, 52 Am. Rep. 227, involved a life insurance policy, issued in consideration of the "representations, agreements, and warranties" contained in the application constituting a part of the contract. The application represented and warranted that the statements and answers therein were true, but contained a further clause that "if the same be in any material respect untrue or false or tend to deceive" the insurer, then the contract shall be void. The court, in holding that the latter clause converted what might have been warranties into representations, said: "It may be regarded as settled, that in construing a policy the courts lean in favor of the construction, which makes a statement of the insured a representation rather than a warranty, and when taking the whole policy and papers referred to in it as a part of it together, it is doubtful, whether the parties intended, that the statements or answers of the insured should be regarded as representations and not warranties. See *Wilkinson* v. *Connecticut Mutual Insurance Company*, 30 Iowa 119; *Campbell* v. *New England Mutual Life Insurance Company*, 98 Mass. 381; *Garcelon* v. *Hampton Fire Insurance Company*, 50 Me. 580; *Hall* v. *Howard Insurance Company*, 14 Wend. 385. Applying these rules in this case it is true, that the applicant in one part of his applica-

tion says: 'I hereby represent and warrant the answers above. are true and correct.' The words by themselves constitute a warranty. But in the same application the applicant states: 'if these answers and statements be in any material respect untrue or false or tend to deceive the association, this contract shall be void.' This unqualified warranty first set forth in the application of the insured immediately following the answers and also the unqualified warranty, with which this application commenced 'that he did thereby declare and warrant that he was then of sober and temperate habits, in good health, of sound body and mind and that he did usually enjoy good health and that his age at his next birthday was fifty-six years,' are to be construed in connection with the statements contained in the latter part of this application, 'if these statements and answers be in any material respect untrue or false or tend to deceive the association, then this contract shall be forfeited to said association.' When so construed according to the rules above laid down, they convert what might have been warranties into representations and not to warranties, to this case.''

The further contention of defendant that recovery for total disability should have been limited to the time plaintiff was actually confined to his bed, is untenable. The total disability clause requires that insured shall be totally disabled and necessarily and continuously confined within the house and therein immediately visited, and personally attended by a legally qualified physician or surgeon at least once in each seven days. *Wade* v. *Mutual Ben. Health & Accident Ass'n.*, 115 W. Va. 694, 177 S. E. 611, holds: '' 'Total disability' within health and accident policy does not mean absolute helplessness, but permits recovery where, because of injury or illness, insured has become unable to do substantially all material acts necessary to conduct his business or occupation in substantially his usual manner. Health and accident policy requiring 'continuous confinement within doors' as basis for prescribed rate of indemnity held not violated by insured's occasional departure from house under physician's advice for purpose of obtaining benefits of fresh air, sunshine, and moderate exercise as means of promoting recovery.''

The evidence, in our opinion, being insufficient to prove as a matter of law that the false statements in the application were material to the risk or made with intent to deceive, the judgment complained of is affirmed.

*Affirmed.*