CHARLES H. THORNE, RESPONDENT, v. STATE MUTUAL LIFE ASSURANCE COMPANY, APPELLANT.

Submitted October term, 1934—Decided March 25, 1935.

Before Justices LLOYD, CASE and DONGES.

For the respondent, *Harold W. Borden.*

For the appellant, *McCarter & English* (*Herbert R. Baer,* of counsel).

LLOYD, J.  The solution of this case involves the proper construction of the following provisions of a policy of insurance.

"If the insured while no premium is in default under this policy and disability agreement shall furnish due proof that, before reaching the age of sixty years, and prior to the expiration of this policy, because of accident or disease he has become totally and permanently disabled as hereinafter defined, and that such disability, or the cause thereof, was sustained or contracted after the date hereof, the company agrees as follows:

"(1) To waive the payment of all premiums becoming due under this policy and disability agreement after the commencement of such total disability and during its continuance.

"(2) To pay to the insured (or to the beneficiary of record if such disability is caused by insanity) a monthly income of 1 per cent. of the face amount of this said policy, exclusive of any paid up additions.  Such payments shall begin as of the date of the commencement of such disability and shall

continue monthly thereafter during the continuance of such total disability, until the expiration of the policy.

"Disability shall be deemed to be total if the insured has become wholly, continuously and permanently unable to perform any work, mental or manual, or to engage in any occupation or business for compensation, remuneration or profit; and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than ninety consecutive days."

The plaintiff below received an injury while playing football and was totally disabled thereby from May 5th, 1932, to August 15th, of the same year. On the latter date he returned to work and the disability ceased to be total or permanent. He brought an action and recovered a judgment based on a theory that the last paragraph of the quoted provisions definitely determined that the disability from which he had suffered was total and permanent because of the fact that it had existed for ninety consecutive days.

We do not agree with the result reached. It must be noted that this is not a temporary, but a total and permanent injury policy. The presumption arising from the continuance of the disability for a period of ninety consecutive days was rebuttable and the evidence that the disability ceased to be either total or permanent came from the plaintiff's own testimony and deprives the presumption arising from the period of ninety days of disability of any weight.

The injury and its consequences were matters of fact. The presumption *prima facie* took the place of evidence. The condition of the policy is that the insured shall furnish due proof that he had become totally and permanently disabled and that this condition shall exist at the time the claim is presented. This he was unable to do. On the contrary his disability was limited both in time and degree, and did not exist when the claim was presented to the company. This was established by the plaintiff himself when in presenting his claim against the company he disclosed that at that time he was not disabled. The purpose of the ninety days provision is obvious. It is in effect an agreement not that a

temporary disability shall be absolutely deemed to be a permanent disability, but that for the purposes of a claim the insured shall not be held off indefinitely, but if he is at the time of the claim disabled and has then been so for ninety days *immediately preceding,* he shall for the purposes of payment of the annuity be deemed to be permanently disabled, but only of course so long as the disability lasts. If his evidence discloses that he was in fact not then permanently disabled then obviously no claim exists. Such is clearly the intention as is evident from the further provisions respecting the right of the insurer to terminate payments on recovery of the insured as set forth in section (2) of the policy.

The construction here given is that accorded to similar policies by the courts of New York in *Mackenzie* v. *Equitable Life Assurance Society,* 248 *N. Y. Supp.* 413; in Illinois, in *Steffan* v. *Bankers Life Co.,* 267 *Ill. App.* 248, and in other states.

The result we reach is that the condition of payment being that the disability should be both total and permanent, and a condition existing at the time of claim, and the proofs clearly showing that it was not permanent and not existing when claim was made, it follows that no liability attached under the policy and that the judgment in favor of the plaintiff below was error.

It is therefore reversed.