EVELYN DAWES STANLEY, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

County Court, Westchester County, July 30, 1935.

*Rubin & Rubin* [*Sol Rubin* of counsel], for the respondent.

*Tanner, Sillcocks & Friend* [*Herbert F. Garrick* of counsel], for the appellant.

NOLAN, J. The supplementary contract sued upon is headed in part as follows: " Provision for benefit in the event of total and permanent disability." Clause B, relied upon by the plaintiff-respondent, provides for the benefits described " in the absence of conclusive proof of permanency   *   *   *   if due proof as aforesaid shall be presented that the insured has been totally disabled   *   *   *   for a period of not less than ninety days."

I construe the clause in question to mean that the company will grant the benefits in the event of total permanent disability, and if permanency is not susceptible of due proof at the time of presenting the claim, proof must be presented which will tend to show permanency, and that the disability claimed to be permanent has existed for not less than ninety days.

The proof presented fails to show permanency, nor in my opinion is it sufficient to prove total disability during the ninety-day period prior to the filing of proof of claim, or thereafter, during the period mentioned in the complaint.

The judgment in favor of the plaintiff is, therefore, reversed, and a new trial ordered with costs to the defendant, to abide the event.

Settle order on notice.