GENERAL F. TRIPLETT *v.* EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES

(No. 8357)

Submitted May 13, 1936.  Decided June 2, 1936.

*Brown, Jackson & Knight, R. G. Kelly,* and *W. T. O'Farrell,* for plaintiff in error.
*Ned H. Ragland,* for defendant in error.

MAXWELL, JUDGE:

This writ of error, awarded the defendant, involves a judgment of the circuit court of Boone County in favor of the plaintiff, General F. Triplett, against the defendant, Equitable Life Assurance Society of the United States, for $640.95. A jury having been waived by the parties, the court heard and determined the case on an agreed statement of facts.

The action is based on a total and permanent disability clause of a life insurance policy issued to the plaintiff by the defendant. The clause provides that if before attaining the age of sixty years the assured shall become totally and permanently disabled by bodily injury or

disease, the assurer will waive payment of policy premiums by the assured and will pay him stipulated monthly compensation during the continuance of such total and permanent disability. Further: "Disability shall be deemed to be total when it is of such an extent that the Insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, *and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months."* (Emphasis supplied). The decision of this case depends on the construction of the presumption clause italicized.

The assured became disabled from illness resulting from tonsilitis and rheumatism, January 15, 1934. On May 21, 1934, he filed a claim for benefits under the total and permanent disability feature of the contract. By August 15, 1934, he had completely recovered from his illness. He instituted this action April 17, 1935.

The plaintiff takes the position under the presumption clause quoted that, "The presumption that a total disability lasting three months is permanent is a conclusive and irrebuttable presumption." The defendant counters that the presumption is rebuttable, and that herein it is completely rebutted by the facts: (a) Statements of the assured's physician in his certificate which accompanied assured's claim filed May 15, 1934, in which certificate the physician expressed his opinion that the assured was only temporarily disabled; that he should get entirely well after poisons were eliminated from his system; and that probably he should be able to resume his business activities by July 1, 1934. (b) The assured's complete recovery several months before he instituted this action.

We heartily concur in the opinion of the trial court that the continuance of total disability for three months gave it the character of permanency, and that the policy did not contemplate nor require that permanent disability continue indefinitely in order that the benefits of the policy might be received. We agree also with

the court's conclusion that until the assured became able to engage in some occupation or perform work for compensation of financial value, the total disability after three months was presumed to be permanent for the purposes mentioned in the policy. That conclusion, however, in our opinion, does not warrant the fastening of liability on the assurer unless the presumption stands unrebutted.

We conceive that the presumption of disability provision under discussion is for the convenience of an assured who has been totally disabled for a period of three months, and there is uncertainty whether he will ever recover from his total disability. In such situation, he is entitled to the benefits of the total and permanent disability clause during the continuance of such disability, however brief may be the further period of disability. But we are unable to adopt the view that the presumption of disability clause will fix liability on the assurer where, at the end of a period of three months' disability of an assured, it appears that he is recovering his health, and, in the opinion of his attending physician, will be able to resume attention to his business within about two months from the end of the three-month period.

At the expiration of a period of three months of total disability, the assurer, on the basis of the presumption of permanency of disability of an assured, must respond to the liabilities under the policy, if the presumption stands alone; but presumptions must always yield to facts. Under the clause involved, the obligation is that of assurance against total and permanent disability, and not against total, temporary disability. True, the assurer may be required to respond in a case of total disability which eventually proves to be only temporary, but at the time such obligation attaches the temporary character of the disability must not be evident.

In the case of *Thorne* v. *State Mutual Life Assurance Co.*, 177 Atl. 665, 666, 13 N. J. Misc. 271, wherein there was involved a presumption of total disability

clause identical with the one presented herein, the court said: "The purpose of the ninety-day provision is obvious. It is in effect an agreement not that a temporary disability shall be absolutely deemed to be a permanent disability, but that for the purposes of a claim the insured shall not be held off indefinitely, but if he is at the time of the claim disabled and has then been so for ninety days immediately preceding, he shall for the purposes of payment of the annuity be deemed to be permanently disabled, but, only, of course, so long as the disability lasts. If his evidence discloses that he was in fact not then permanently disabled, then obviously no claim exists." In conformity with this statement of the New Jersey court and with the principles which we have hereinabove stated, there are, among others, the cases: *Mitchell* v. *Equitable Life Assurance Society*, 205 N. C. 725, 172 S. E. 497; *Petersen* v. *Prudential Insurance Company of America*, 217 Iowa 1122, 253 N. W. 63; *Mackenzie* v. *Equitable Life Assurance Society*, 140 Misc. 655, 251 N. Y. Supp. 528.

For the reasons above set forth, we reverse the judgment of the trial court and remand the case.

*Reversed and remanded.*