NATHAN HADDAD *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

(No. 8438)

Submitted September 30, 1936. Decided October 13, 1936.

*Brown, Jackson & Knight,* for plaintiff in error.

*H. W. B. Mullins* and *Leftwich & Shaffer,* for defendant in error.

WOODS, JUDGE:

This is an action to recover disability benefits under a supplementary contract, issued as part of and attached to a life policy. The circuit court, hearing the case in lieu of a jury upon an agreed statement, entered judgment for the plaintiff; and from that judgment the defendant brings error.

The pertinent portions of the supplementary contract provide:

> "If, * * * during the continuance of the policy in full force, due proof shall be presented during the lifetime of the Insured that prior to the anniversary of the policy nearest his sixty-fifth birthday the Insured:
>
> A. Has become totally and permanently disabled either physically or mentally so as to be continuously and wholly prevented for life, from engaging in any occupation or employment for wage or profit, or
>
> B. In the absence of conclusive proof of permanency of disability, if due proof as aforesaid, shall be presented that the insured has been totally disabled by bodily injuries or disease, and has been thereby prevented from engaging in any occupation or employment for wage or profit for a period of not less than ninety consecutive days

the company will grant" the stipulated monthly benefits "from the commencement of the disability and throughout its continuance."

It was agreed that the plaintiff, a merchant, had been "totally and wholly incapacitated from attending to said business or following any occupation for gain" during the period June 28, 1934, to October 15, 1934, and that since the last-mentioned date, he has been engaged in active management of his business.

The insurance company challenges the plaintiff's right

to recover under the policy, inasmuch as the agreed statement shows that the latter had returned to active management of his business prior to the institution of his action. This position is based on the theory that clause "A" tells the insured what he will be paid, and clause "B", how he may prove his condition, i.e., that under clause "B" he is relieved of offering "conclusive" proof and is permitted to rely upon "due" proof, but that the latter cannot prevail in the face of "conclusive" proof to the contrary. Citing, among others, the cases of *Triplett* v. *Equitable Life Assur. Soc.*, 117 W. Va. 537, 186 S. E. 124; *Stanley* v. *John Hancock Mut. Life Ins. Co.*, 156 Misc. 460, 281 N. Y. S. 871. In other words, it is argued, that the purpose of clause "B" is in substance analogous to the provision in the "total and permanent" disability clause in the *Triplett* case, that "total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months", which the Court held was intended to carry the benefits of the policy to the insured only when doubt exists at the end of the three months' period as to whether the disability is permanent.

Clauses "A" and "B", as we read them, constitute separate and distinct provisions. Upon due proof of total and permanent disability, under the first, or total disability "for a period of not less than ninety consecutive days", under the second, the assured becomes entitled to the sipulated monthly benefits "from the commencement of disability and throughout its continuance". Obviously, clause "B", when construed according to the plain meaning of the terms employed, does not require proof tending to show permanency at the time of presenting the claim, as is indicated in *Stanley* v. *John Hancock Mutual Life Ins. Co., supra.* Such construction is strained, in view of the language employed. "Contracts of life insurance, as other contracts, will be construed according to the plain meaning of the terms employed by the parties". *Iannarelli* v. *Kansas City Life Ins. Co.*, 114 W. Va. 88, 171 S. E. 748.

Perceiving no error in the finding of the circuit court, we affirm the judgment.

*Affirmed.*