JEFFREY CHARLES POLAN, *an Infant, etc.*

*v.*

THE TRAVELERS INSURANCE COMPANY

(No. 13148)

Submitted October 3, 1972.   Decided November 14, 1972.

*Steptoe & Johnson, Herbert G. Underwood,* for appellant.

*Clarence M. Rogers,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a judgment of the Circuit Court of Harrison County in an action instituted by Jeffrey Charles Polan, an infant, who sued by his next friend, Lillian Polan. In that action the aforesaid plaintiff sought recovery from the defendants, The Travelers Insurance Company, a corporation, Mountain State Linen Service, Inc., a corporation and Mohenis Holding Corporation, alleging therein that he is entitled to a certain sum of money under an insurance policy issued by Travelers.

The case was submitted to the court in lieu of a jury on the complaint, the answer of Travelers Insurance Company and upon an Order Stipulating Exhibits and Facts. Upon consideration thereof the court entered an order reflecting its finding of facts and conclusions of law. An order was entered in favor of the plaintiff, directing payment to him in the sum of $3,840, plus costs, which represented the face amount of the policy plus interest from the time payment was due under the policy. Mountain State Linen Service, Inc., having been dismissed as a party to this action and service of process never having been obtained on Mohenis Holding Corporation, the judgment was entered against Travelers. After the motion by Travelers to alter or amend the judgment was denied by the court, this appeal was prosecuted.

According to the facts as stipulated by the parties, Charles B. Polan, the plaintiff's deceased father, was employed as a chauffeur-salesman by Mountain State Linen Service, Inc. on April 20, 1965. Mountain State was

and is a subsidiary company of Mohenis Holding Corporation. Charles B. Polan died on July 20, 1965 as a result of an automobile collision which occurred on July 19, 1965, after he had worked that entire day. This collision was not in any way connected with his employment.

At the time of Mr. Polan's employment and continuing to the time of his death a group insurance policy covering employees of Mountain State who became eligible within the terms thereof was in effect, having been issued to Mohenis Holding Corporation. It is agreed that under the classification of employment his beneficiary, if he, Mr. Charles B. Polan, qualified under the policy, would be entitled to $3,000.00. The following provisions of the subject group insurance policy are brought into question on this appeal:

"SECTION 1. EMPLOYEES TO BE INSURED:

"A. Employees Eligible:

"(a) Employees whose employment commenced on or before April 7, 1952 are to be eligible on the effective date hereof, and

"(b) other Employees are to be eligible on the date on which they complete Three months of service,"

"B. Effective Dates of Insurance:

"Each eligible Employee is to be insured hereunder from the date he becomes eligible; provided, however, that any Employee who is not actually at work on the date his insurance is to become effective shall not be insured until he actually returns to work."

"SECTION 7. ENTIRE CONTRACT: MODIFICATIONS (9)

"This policy is issued and delivered in the state of Pennsylvania and shall be governed by the laws of that state. * * *"

The court, in holding for the plaintiff, concluded that Charles B. Polan, having worked the entire day of July 19, completed three months of service and thereby became eligible for coverage under the terms of the employees group insurance policy; that Charles B. Polan, having thus become eligible on July 19, 1965, was insured as of that date; and that the plaintiff was entitled to recover the sum of $3,000.00 plus interest.

The appellant, Travelers, assigns as error the court's holding that Charles B. Polan became eligible for coverage on July 19, 1965. It contends that under Pennsylvania law, which the policy provides shall govern it, the three months of service was not completed until July 20, 1965. This was arrived at by excluding April 20, the first day of Mr. Polan's employment. A further assignment of error relates to the date upon which Charles B. Polan attained the status of an insured. Here, Travelers takes the position that the insurance is effective from the date he becomes eligible, contending that the word "from" connotes "after", or the "next day". Travelers asserts that the eligibility date is the 20th day of July and that he would become insured on the 21st day of July. Inasmuch as Charles B. Polan did not work on July 20, 1965, the appellant says that he did not achieve eligibility under the terms of the policy.

Considering first the appellant's assertion that the plaintiff's deceased father did not attain eligibility under the policy, it is pertinent to examine the applicable provisions of that document. Thereunder, an employee becomes eligible "on the date on which they complete Three months of service". As herein noted, the appellant says that, under Pennsylvania law, computation of the three months of service requires the exclusion of the first day of that three month period. In support thereof Travelers cites and quotes two Pennsylvania statutes, which it concedes are not directly in point; also cited are several cases from the courts of that state which are inapposite to the facts of the instant case.

The authorities cited by the appellant relate to the computation of a time period within which an act is to be performed. For example, an appeal from a judgment is to be filed within an eight-month period. Thus, the date of the judgment is excluded in computing the eight-month period. See Code, 1931, 2-2-3, which provides: "The time within which an act is to be done shall be computed by excluding the first day and including the last; * * *." While the policy provides that Pennsylvania law shall govern its operation, it appears that the pertinent statute of that state is similar to the above West Virginia statute.

In the case under consideration we are concerned not with an act which is to be done within a period of time, but rather with the total period of time during which the employee was employed, thereby determining eligibility. It is undisputed, in fact it is stipulated, that Charles B. Polan commenced work on April 20, 1965 and worked that entire day. How, in computing the full period of his service in arriving at his eligibility, can a day of that service be excluded? Certainly, he was entitled to credit for each and every day he worked to show that he completed three months service. To hold otherwise would create a fiction and constitute a denial of an admitted fact. Therefore, Charles B. Polan, having begun work on April 20, 1965, and having worked through July 19, 1965, completed three months of service and became eligible for coverage under the subject group insurance policy. To require him to have worked on July 20, 1965, to achieve eligibility, as contended by the appellant, would compel him to work three months and one day.

The appellant's second assignment of error wherein it contends that the employee, Polan, did not obtain the status of an insured until the day following the date of eligibility reflects a strained construction of certain language in the policy and is without merit. Where the policy provides that an employee is insured "from" the date he becomes eligible such provision must be given its popular, ordinary and commonly accepted meaning. When one is to be insured from a particular date the insurer

becomes liable for any loss under the policy on that date and so long as the policy is in effect. In common parlance, when one specifies that an event will occur from one date to another the first date mentioned is normally included. Thus, where the pertinent provision of the insurance policy provides that the policy is effective from the date of eligibility it is in fact effective on that date.

It is well established in the law that the terms of an insurance policy should be understood in their plain, ordinary and popular sense, not in a strained or philosophical sense. *Mitchell v. Metropolitan Life Ins.* Co., 124 W.Va. 20, 18 S.E.2d 803; *Haddad v. John Hancock Mutual Life Insurance Company,* 117 W.Va. 749, 188 S.E. 131; *Iannarelli v. Kansas City Life Insurance Company,* 114 W.Va. 88, 171 S.E. 748. See *McGann v. Hobbs Lumber Co.,* 150 W.Va. 364, 145 S.E.2d 476. Applying the plain and ordinary meaning to the above quoted language we are of the opinion and so hold that coverage under the terms of the policy became effective on July 19, 1965, the date of eligibility.

In support of its position that "from" means "after", the appellant cites and quotes from *Tellip v. Home Life Insurance Co.,* 152 Pa. Super. 147, 31 A.2d 364, contending that such decision reflects Pennsylvania law and is therefore controlling. This case involves a time within which an act is to be done and is clearly distinguishable from the instant case.

Here we are concerned with a period of time for the sole purpose of determining the eligibility of the employee. No act is to be performed within that time period, but such period will be counted in its entirety to determine whether he completed three months service. The phrase "from the date he becomes eligible," given its ordinary meaning, connotes the effective date of coverage under the policy.

To adopt the appellant's position would require a construction of the pertinent language of the policy. It

is universally held that where an insurance policy requires construction it must be construed liberally in the insured's favor. This is based on the fact that insurance policies are written by the insurer and the insured, if he desires insurance, must take the policy as it is written. *Royal Ins. Co. v. City of Morgantown, West Virginia,* 98 F. Supp. 609; *Adkins v. American Casualty Company,* 145 W.Va. 281, 114 S.E.2d 556; *Thompson v. State Automobile Mutual Insurance Company,* 122 W.Va. 551, 11 S.E.2d 849; *Pearson v. Supreme Liberty Life Insurance Co.,* 116 W.Va. 147, 178 S.E. 814.

For the reasons stated herein the judgment of the Circuit Court of Harrison County is affirmed.

*Affirmed.*