ZURICH INSURANCE CO., Plaintiff,

v.

UPTOWNER INNS, INC., Defendant.

Civ. A. No. 3:87–0013.

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 4, 1990.

Thomas J. Hurney, Jr., W.T. Shaffer, Charleston, W.Va., for plaintiff.

William D. Levine, Huntington, W.Va., for defendant.

MEMORANDUM OPINION
AND ORDER

STAKER, District Judge.

The plaintiff, Zurich Insurance Company, has instituted this action for a declaratory judgment, pursuant to West Virginia Code §§ 55–13–1 to –16 (Repl.Vol.1981), regarding coverage under a comprehensive general business liability policy. Jurisdiction of this court is properly invoked under 28 U.S.C.A. § 1332 (West 1966 & Supp.1990), as the parties are of diverse citizenship and the amount in controversy satisfies the jur-

isdictional prerequisite in effect at the time the action was begun.

The parties have filed cross-motions for summary judgment, asserting that there is no genuine issue of material fact involved and that they are entitled to judgment as a matter of law.

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party seeking to recover upon a claim ... may, at any time after the expiration of 20 days from the commencement of the action ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed.R.Civ.P. 56(a). "The judgment sought shall be rendered forthwith if the pleadings ... and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This court is persuaded that there are not any material facts in dispute in this case and, therefore, summary judgment is appropriate.

### FACTS

The following facts are not in dispute. The plaintiff in this action, Zurich Insurance Company (Zurich), is a Swiss corporation with its principal place of business in the State of Illinois. Zurich issued "Comprehensive General Liability Policy No. TOP–77–96–481" to defendant, Uptowner Inns, Inc. (Uptowner). Uptowner is a West Virginia corporation with its principal place of business in Huntington, West Virginia. At the time the policy was issued, Uptowner operated a hotel and a tavern (Mingle's) located within the hotel which served food and alcoholic beverages. Mingle's was operated under a license issued to Uptowner and was managed and operated by Uptowner.

On or about February 26, 1986, a complaint was filed in state court against Uptowner. Complainant in that action alleges that he was injured on March 18, 1984, when he was struck by a vehicle operated by respondent in that action, a person who had left Mingle's in an intoxicated state.

Complainant further alleges that Uptowner, doing business as Mingle's, was negligent in selling the respondent alcoholic beverages while he was in an intoxicated state, that such acts violated West Virginia Code § 60–7–12 (Repl.Vol.1989), and that such acts were the proximate cause of the complainant's injuries. The complainant seeks actual and punitive damages totalling ten million dollars ($10,000,000).

Zurich maintains that coverage in the state court action is excluded by a provision of the insurance policy, but has assumed the defense of Uptowner in that action under a reservation of rights agreement. Zurich seeks a declaratory judgment from this court that the exclusion is unambiguous and that the policy does not afford coverage for the claims made by complainant in state court.

Uptowner admits the foregoing; however, it asserts that the policy specifically provides for "Host Liquor Liability Coverage" and that Violet Midkiff, president of Uptowner, expected that Uptowner would be protected under the policy for any liability arising from the conduct of intoxicated patrons of Mingle's. As support for these assertions, Uptowner refers to the depositions of Violet Midkiff and Carl Midkiff, contending that these depositions establish that such coverage was requested by Uptowner and that the insurance agent promised such coverage under the policy. In the alternative, Uptowner contends that, at a minimum, the depositions establish a genuine issue of material fact and, therefore, summary judgment is not appropriate. In short, Uptowner maintains that the "doctrine of reasonable expectation," as enunciated by the West Virginia Supreme Court of Appeals in the case of *National Mutual Insurance Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488 (W.Va.1987), controls in the instant case. Zurich contends that this doctrine is not applicable here because the language of the relevant policy exclusion is not ambiguous.

### DISCUSSION

The policy at issue, under the heading "Optional Extended Protection" on the

schedule of coverage, provides for "Host Liquor Liability Coverage" under subheading "H". The policy contains various exclusions, including the one pertinent to this litigation. Under the "Exclusions" section, the relevant provision states the following:

> This form does not apply: ...
>
> (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
>
> (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or,
>
> (2) if not so engaged, as an owner or lessor of premises used for such purposes,
>
> if such liability is imposed
>
> (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
>
> (ii) by reason of selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
>
>> but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above....

Zurich claims that this language unambiguously precludes recovery in this case; Uptowner claims that the language is ambiguous and, moreover, incomprehensible, and does not comport with the reasonable expectations of the insured, as the exclusions are "impossible to understand" and render other provisions "meaningless and illusory" by means of fine print. Therefore, Uptowner contends that this court should rewrite the contract of insurance to comply with such expectations and provide coverage in the state court action, if Uptowner is found liable to the complainant therein.

The policy also defines "Host Liquor Law Liability Coverage" under subheading "H" on page six of the policy. Thereat, it states:

> If coverage is applicable as indicated in the Schedule:

Exclusion (h) does not apply with respect to liability of the insured or his indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the named insured's business, *provided the named insured is not engaged in the business of* manufacturing, distributing, *selling or serving of alcoholic beverages.* (emphasis by court).

*National Mutual Insurance Co. v. McMahon & Sons, Inc.,* 356 S.E.2d 488 (W.Va.1987), provides the law which governs this case, pursuant to the *Erie* doctrine, since this court's ability to decide this cause of action is based on diversity jurisdiction. The case was before the West Virginia Supreme Court of Appeals as an appeal from a declaratory judgment action in state court wherein the lower court ruled that the appellee, an insurance company, had no duty to defend and/or pay under a general business liability policy issued to the appellant. The Court of Appeals found that the record did not support the circuit court's rulings and remanded the case for further development of the record. In so doing, the court noted that the primary issue in the case was whether an exclusionary clause in the policy relieved the insurer of its obligation to defend or pay. The court stated that, "[u]nlike the circuit court, we do not find the language of [the relevant] exclusion to be plain and unambiguous...." *Id.* at 494. Further, "where the policy language involved is exclusionary, it will be strictly construed against the insurer...." *Id.* Having found that the policy language was ambiguous, the court applied the "doctrine of reasonable expectations." *Id.* at 495. This doctrine dictates that " '[a]n insurance contract should be given a construction which a reasonable person standing in the shoes of the insured would expect the language to mean.' " *Id.* (citations omitted). However, a finding of ambiguity is a threshold matter for the court to address, for "the doctrine of reasonable expectations is limited to those instances ... in which the policy language is ambiguous." *Id.* at 496. Once ambiguity is found, " '[t]he objectively reasonable expectations of applicants ... regarding the

terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.'" *Id.* at 495, *quoting* Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961 (1970). Regarding standardized insurance contracts, which it characterized as contracts of adhesion, the court rejected "the general rule that a party to a contract has a duty to read the instrument" and adopted the majority view "that the insured is not presumed to know the contents of an adhesion-type insurance policy delivered to him...." *Id.* at 495–96, n. 6 (citations omitted). Further, "[w]here an insured has a reasonable expectation of coverage under a policy, he should not be subject to technical encumbrances or to hidden pitfalls." *Id.* at 496 (citation omitted). Finally,

> [a]n insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, ... placing them in such a fashion as to make obvious their relationship to other policy terms, ... and must bring such provisions to the attention of the insured....

*Id.*

█ The threshold issue is whether the policy language is ambiguous. Further, it is well established that any conflicts and/or ambiguities must be resolved against the insurer. *Pearson v. Supreme Liberty Life Ins. Co.*, 116 W.Va. 147, 178 S.E. 814 (1935); *West Virginia Public Employees Ins. Bd. v. Blue Cross Hosp. Serv., Inc.*, 328 S.E.2d 356, 359, n. 3 (W.Va.1985). The test to be applied to determine whether an insurance policy provision is ambiguous, thereby warranting judicial construction of the provision, is thus: "Whenever the language ... is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." *Prete v. Merchants Property Ins. Co. of Indiana*, 159 W.Va. 508, 223 S.E.2d 441, Syllabus Point 1 (1976); *see also Huggins v. Tri–County Bonding Co.*, 337 S.E.2d 12 (W.Va.1985).

█ In this case the court need not even reference exclusion (h) to reach the conclusion that the insured was not covered for the type of liability alleged in the state court action. The definition of "Host Liquor Liability Coverage" on page six of the policy is clear. Paraphrased in relevant part, it states that Uptowner is covered for any liability arising from the giving or serving of alcohol at social functions which are incidental to Uptowner's business, so long as Uptowner is not engaged in the business of selling or serving such beverages. The provision, in essence, provides coverage when Uptowner hosts Christmas parties for customers, social functions pursuant to solicitation of business for the hotel, and like functions. This is apparent from the language providing coverage when the insured is "giving or serving." However, the policy does not cover functions where Uptowner sells or serves alcoholic beverages for a profit. The caption, read in connection with the explanation provided on page six, clearly precludes coverage if Uptowner is "engaged in the business of ... selling or serving alcoholic beverages." "[A] 'business' is an activity in which a person engages on a regular basis for profit." *Camden Fire Insurance Ass'n v. Johnson*, 294 S.E.2d 116, 119 (W.Va.1982). To "engage" means to "involve one's self; to take part in; to embark on." Black's Law Dictionary 474 (5th ed. 1979). Based on the common understanding of the relevant terms, to "engage in business" means to embark on an activity for profit on a regular basis; therefore, when a function is one for profit, there is no coverage for liquor liability.

Were it necessary to refer to exclusion (h), even though the above-referenced definition definitively settles the issue as far as the court is concerned, the same result obtains and no ambiguity results. This exclusion, once again in paraphrased form, provides that there is no coverage for potential liability of a person selling or serving alcoholic beverages or for the owner or lessor of premises used for such purposes if liability is imposed by statute, ordinance or regulation, or is imposed by the common

law. However, there is coverage if the insured is merely an owner or lessor of premises used for such purposes, if liability is asserted under a common law theory of recovery.

██ "It is widely recognized that language [contained in] insurance policies is often necessarily complicated and difficult for the layperson to understand. This [fact,] alone[,] does not [automatically] connote ambiguity." *See McGann v. Hobbs Lumber Co.*, 150 W.Va. 364, 145 S.E.2d 476, 481 (1965). Furthermore, provisions in such policies must be read together, and it is not reasonable to assume coverage has been provided based merely on the language of a heading on the Schedule page which refers to "optional extended protection" for "host liquor liability coverage," without reference to the explanatory provisions contained within the policy.

██ Even if the language of the insurance policy involved here were found to be ambiguous, leading to a liberal construction of the language in favor of the insured, "the liberal construction rule does not require, or even permit, the twisting or distorting of plain words or language." *Green v. Farm Bureau Mutual Automobile Ins. Co.*, 139 W.Va. 475, 80 S.E.2d 424, 425 (1954) (citations omitted); *see also Christopher v. United States Life Ins. Co.*, 145 W.Va. 707, 116 S.E.2d 864 (1960); *Polan v. The Travelers Ins. Co.*, 156 W.Va. 250, 192 S.E.2d 481, Syllabus Point 6 (1972). "We presume that if the insured had desired an insurance policy of broader or unlimited coverage [she] could have obtained it by paying necessary or additional premiums. We see nothing unusual or unfair in a policy which limits recovery thereunder in certain situations, provided the amount of the premium charged is fixed accordingly." *Green*, 80 S.E.2d at 426.

There has been no evidence presented to the court which establishes or suggests that an additional premium was paid for the coverage asserted by Uptowner. Moreover, the policy assigns a definite meaning to the phrase "Host Liquor Liability Coverage," which meaning governs in the court's interpretation of the contract for insurance.

Finally, it is worthwhile to note that the Circuit Court of Raleigh County, West Virginia, has interpreted the same exact provision as the one at issue here and found it, as this court also finds it, to be unambiguous. *General Stations, Inc. v. The Travelers Company*, Civil Action # 86–C–201 (Raleigh Co. Cir.Ct. Mar. 30, 1987).

It is not the function of this court to make contracts for the parties, especially in cases such as this one, which involves knowledgeable business people who, particularly because they have been involved in litigation in the State of Florida under very similar circumstances prior to the purchase of this policy, should have been put on notice that general business insurance contracts do not necessarily include the type of coverage involved here.

## ORDER

For the reasons set forth in the foregoing memorandum opinion, and pursuant to Rule 56, Fed.R.Civ.P., it is ORDERED that the motion for summary judgment of the plaintiff in this declaratory judgment of the plaintiff in this declaratory judgment action be, and the same hereby is, GRANTED. Therefore, this court holds that Zurich Insurance Company has no duty to defend or indemnify Uptowner Inns, Inc., for any liability which may be imposed as a consequence of an adverse judgment obtained against Uptowner in the case of *Burton v. Holliday Inns, et al.*, Civil Action # 86–C–829 (Kanawha Co. Cir.Ct., filed Feb. 26, 1986), as this court finds that the subject matter of the complaint in that action is unambiguously excluded from coverage by the policy of insurance issued by Zurich to Uptowner.

Having so decided, it is not necessary for the court to address the merits of defendant's motion for a jury trial.