934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Remonia FRAZIER, Administratrix of the Estate of Richard
Frazier, Plaintiff-Appellant,
v.
NORTH AMERICAN LIFE AND CASUALTY COMPANY, a corporation,
Defendant-Appellee.
 No. 90-2149.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. John T. Copenhaver, Jr., District Judge. (CA-89-240-3)
 John H. Bicknell, Greene, Ketchum, Bailey & Tweel, Huntington, W.Va., for appellant.
 Marc Ellis Williams, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Remonia Frazier appeals the district court's award of summary judgment to North American Life and Casualty Company. The court determined that an accidental death insurance policy issued by North American to Frazier's husband, Richard, did not cover the accident that caused Richard's death. We reject Remonia Frazier's argument on appeal that the accident occurred during the legal use of hunting equipment while hunting, warranting recovery under the policy. Accordingly, we affirm.
 
 
 2
 On Saturday, November 19, 1988, Richard Frazier left on a hunting trip with two friends. They arrived at their hunting camp in Pocahontas County, West Virginia, early in the afternoon. The men were unable to hunt that day because of rain. They set up their camp and went grocery shopping instead.
 
 
 3
 Gun season for deer was to begin on Monday, November 21. The men spent Sunday in preparation for the next day, scouting for places to spot deer and to place their deer hunting tree stands. On Sunday evening the men were in a tent at their camp when a tree limb fell on the tent, striking and killing Frazier.
 
 
 4
 Frazier was a member of the National Rifle Association (NRA) at the time of his death. As a member of the NRA, he was covered by a group insurance policy providing benefits for accidental death or dismemberment resulting from a limited set of circumstances. At issue in the present case is the policy's provision for death benefits of $10,000 when death occurs "during the legal use of ... hunting equipment while hunting."
 
 
 5
 "It is well settled that 'the terms of an insurance policy should be understood in their plain, ordinary and popular sense, not in a strained or philosophical sense.' " Camden Fire Ins. Ass'n v. Johnson, 294 S.E.2d 116, 118 (W.Va.1982), quoting Polan v. Travelers Ins. Co., 156 W.Va. 250, 255, 192 S.E.2d 481, 484 (1972). We agree with the district court that in this case Frazier was neither hunting nor using hunting equipment, as these terms are ordinarily understood, at the time of his death. He was on a hunting trip, to be sure, but he was lying in a tent, awaiting the actual hunt the next day. When the limb fell, he was neither actively engaged in the pursuit of game, nor was he using equipment designed for use in the pursuit of game. For this reason, his administratrix is not entitled to recover under the policy.
 
 
 6
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.